Opinion delivered May 8, 1888.

No. 5502.

M. C. MORGAN *v.* W. A. SMITH AND J. H. COLLETT.

1. TAXATION.—The failure of an assessor in listing property for taxation to give the survey number of the grant as required by article 4711, Revised Statutes, renders subsequent proceedings to enforce collection of the tax illegal, unless good cause can be shown why the requirement of the statute in this regard was not complied with.

2. SAME.—It would be a sufficient description when an entire survey is assessed to give the owner's name if known, or to state that it is unknown, together with the abstract number, certificate number, survey number, name of original grantee and number of acres, but when only a portion of a survey is assessed some further description is necessary in order to identify the particular portion assessed.

3. TAX DEED.—A conveyance by a tax collector or sheriff of a number of acres to be taken out of a larger survey is void for uncertainty.

4. CASE DISAPPROVED.—Sheaf v. Wait, 30 Vermont, which dissents from the generally adopted rule that a purchaser at tax sale must stand strictly on the legal title if any, which he acquired by his purchase, disapproved.

APPEAL from Travis. Tried below before the Hon. A. S. Walker.

*David H. Hewlett* and *Henry E. Shelley,* for appellant: 1. It is not necessary to require that the listing should show that the aggregate quantity of the land listed and required to be designated by the number of acres that such quantity contains, or is the equivalent of, consists of an undivided interest.

2. The statute prescribes what shall be a sufficient listing of the land, and the listing in this case fulfils that requirement.

3. The valuation placed upon the land by the assessment was a fair and just one, and a correct application made to it of the rate of taxation, properly levied for the year 1881. (Constitution of Texas, secs. 1, 3, 9, 11, 14, 15, 18; Rev. Stats., arts., 4693, 4701–4703, 4705, 4706, 4708–4711, 4713–4715, 4717; Danzier v. Bosworth, 25 Cal., 296; Sheaf v. Wait, 30 Vt., 736.)

1. The deed shows that the power was executed by an actual sale of, and payment of the bid for, the land, to which the power applied. That the deed did not exibit the execution of the power by a complete conveyance of the land actually sold, as the deed shows it to have been, does not destroy the right conferred upon Morgan, by the completed act of sale to him, and the payment by him of his bid.

2. The sale of the land was a completed act, and the law, independent of the deed, gave to that act its proper legal effect, which was to vest the purchaser with the title and all the rights conferred by such sale.

3. The legal construction of the deed determines that it can be upheld and force and effect given it as a conveyance. (Hancock v. Butler, 21 Texas; Danzier v. Bosworth, 25 Cal., 296, Sheaf v. Wait, 30 Vt., 736; Gibbs v. Swift, 12 Cush., 393. The doctrine *id certum* applies; Blackwell on Tax Titles, fourth ed., side page 381, citing Anan v. Baker, 49 N. H., 172.)

As to the effect of the deed as evidence, Lacey v. Davis, 4 Mich., 141.)

The court erred in its judgment that Morgan take nothing and that the land be partitioned equally between the plaintiff Smith and defendant Collett.

1. The proof shows that the land was undivided, and that Collett owned one-half and Smith one-half; that at the time of the assessment and sale Collett had paid the tax upon his interest; Smith had not. One-half the land that is described by metes and bounds in the deed was owned by Smith, and was embraced by the power to sell conferred upon the sheriff.

2. The deed should be construed so as to be upheld as a con-

veyance if possible.   One-half the land described by metes and bounds in the deed, falls within the power of sale, and was in fact sold.

*Carleton & Morris,* for appellees:   There was no error in the finding of the court that the listing and assessment are fatally defective for failing to give sufficient description for assessment against unknown person, because the survey number not being given the land was not described as required by law.

It appearing in the assessment that the three hundred and twenty acres assessed was a part of a larger tract, the description was insufficient without a further description showing what particular three hundred and twenty acres out of the larger tract was assessed, and such assessment being defective in description of any particular part could not take effect as an assessment of an undivided interest in said land, because it did not purport to be an assessment of an undivided interest. (Rev. Stats., art. 4711; Hays v. Viator, 33 La. Ann., 1162; People v. Cone, 48 Cal., 427; People v. Hyde, 48 Cal., 431; Detroit Y. M. So, v. Detroit, 3 Mich., 172; Atwell v. Zeluff, 26 Mich., 121; Philadelphia v. Miller, 49 Penn. State, 440; Reading v. Finney, 73 Penn. State, 467; Corbin v. Inslee, 24 Kan., 154; Lafferty's Lessee v. Byers, 5 Ham., Ohio, 458; Blackwell on Tax Titles, p. 141, marg. pp. 127, 128, also top p. 145; Turney v. Yeoman, 16 Ohio, 24.)

The court did not err in its conclusion that the power to sell, if it existed, was not executed by the sheriff, as his act is exhibited in his deed.   Oral evidence can not be allowed to overcome the recitals in the deed as to what land the collector sold, and he having sold other land than that described in the assessment, the sale was void as to the land described, and could not lawfully take effect as a deed to an undivided interest in the land described in the deed, because there was no assessment of an undivided interest in the particular land conveyed, and the deed for a part in severalty can not take effect to pass an undivided interest in the whole tract.   (Rev. Stats., art. 4711, as to necessary description in assessment.   The deed passes title, and not the sale, and only to the land assessed. Article 4755, 4756; Wofford v. McKinna, 23 Texas, 45; Wooten v. Arlige, 54 Texas, 397; Lessee, etc., v. Long, 2 Ohio, 289; Corbin v. Inslee, 24 Kansas, 154; Boberts v. Chan Pin Pen, 23 Cal., Tuttle, 260.)

The sale was void for want of sufficient description of the land in the advertisement, the number of the survey not being given, and it appearing in the advertisement that a given number of acres would be sold, instead of an undivided interest therein, and no such further description being given to better identify the land. (Rev. Stats., arts 4711 and 4752, as the latter is amended by act of March 18, 1881, Laws 1881, pp. 51, 52; Lafferty's Lessee v. Byers, 5 Ham., Ohio, 458; Blackwell on Tax Titles, top p. 253, 4 ed., marg. p. 229.)

MALTBIE, PRESIDING JUDGE. On the first day of January, 1881, and also at the institution of this suit, W. A. Smith and J. H. Collett, the appellees, each owned an undivided one-half interest in the Sarah Ford headright six hundred and forty acre survey, situated in Brown county; unless the title to Smith's interest, or a part of it, had been by virtue of certain tax proceeding hereafter considered, divested out of him and vested in W. C. Morgan, the appellant. The abstract number of the certificate is three hundred and nineteen, certificate number two hundred and fifty-nine, survey number twenty; and by this description J. H. Collett rendered three hundred and twenty acres in the survey for taxes for the year 1881, valued at five hundred dollars. Smith made no rendition and paid no taxes on any land in the survey for that year, nor did anyone else except Collett, who paid the taxes on three hundred and twenty acres. The commissioners court of Brown county, at its May term, 1881, levied a tax of twenty cents on each one hundred dollars worth of property for county purposes, and twenty cents on each one hundred dollars worth for jail purposes. The assessor of that county returned on list of unrendered lands for 1881 as follows: "Owner's name unknown, abstract number three hundred and nineteen, certificate number two hundred and fifty-nine; original grantee, Sarah Ford; number of acres, six hundred and forty; acres unrendered, three hundred and twenty; value, five hundred dollars; taxes, State, two dollars; county, two dollars; total, four dollars."

The report of the assessor was approved by the commissioners court. The land was duly advertised and sold to the appellant for nine dollars, amount of tax assessed and costs. In consideration of this sum the tax collector of Brown county executed a deed to appellant, conveying three hundred and twenty acres off of the west end of the survey, by metes and

bounds. It appeared on trial, which was by the court without a jury, that the survey was short from one hundred and forty to one hundred and sixty acres. Judgment was rendered for appellees, quieting them in their respective titles. It is claimed by the appellant that, under the facts proven, the collector of Brown county had authority to sell all that portion of the Sarah Ford survey not rendered for the taxes of 1881, and that he is entitled under his purchase to a judgment for such portion of the survey as was not included in Collett's assessment. The assessor in listing the property failed to give the survey number of the grant, though it was known. This is one of the requirements of article 4711 of the Revised Statutes, and a failure to observe it renders the proceeding of no effect, unless it be for good cause shown. This requirement of the law was not complied with. (Henderson v. White, 5 S. W. Rep., 374; McCormick v. Edwards, 6 S. W. Rep., 32.)

The purpose of this article is evidently to require such description of the land as will enable the owner or other person interested to know upon what particular tract or parcel of land taxes are demanded, and also to enable the collector, in case of sale, to properly describe the land sold in his deed to the purchaser. It would doubtless be a sufficient description, when an entire survey is assessed, to give the owners' names, if known, or, if unknown, say unknown, together with the abstract number, certificate number, survey number, name of original grantee, and number of acres; but when only a portion of a survey is assessed, some further description becomes necessary in order to identify the particular portion assessed, as is plainly implied in the tenth subdivision of this article.

It is settled in this State, whatever may be the rule elsewhere, that a conveyance by a tax collector or sheriff of a number of acres to be taken out of a larger survey is void for uncertainty of description. (Wofford v. McKenna, 23 Texas, 45; Wooten v. Arlige, 54 Texas, 397.)

Had the description followed the assessment and been consistent with it, as it should have done, though there might properly have been additional description also, the deed must have been for an additional three hundred and twenty acres to be taken out of a six hundred and forty acre tract, owned jointly by two persons, one of whom had paid taxes on three hundred and twenty acres of the land without anything to show

upon what portion of the land the taxes had been paid, and would, under the decisions of this State, be clearly void. The appellant claims, however, that as Smith owned one-half of the land, and failed to pay the taxes due on it, that an assessment and sale of the number of acres he owned in the survey would invest the purchaser with his interest and that the purchaser would, by virtue of such proceedings, become subrogated to an undivided one-half interest in the land with Collett, or at least to one-half of Smith's interest in the land, whatever it might be, and this appellant offered on the trial to take. The case of Sheaf v. Wait, 30 Vt., 736, seems to support this view, but we think it stands alone. At all events, the great weight of authority is and always has been that a purchaser at a tax sale must stand strictly on his legal title, and can under no circumstances call to his asssistance the extraordinary power of a court of equity to aid a defective sale or conveyance.

If it be said on the one hand that the man who fails through carelessness or indifference to pay his taxes, is entitled to no favor, it may be said on the other, that there is no exception in the law in favor of him, who fails to pay through accident, mistake or death, and it seems but just that no one should be deprived of his property without his consent unless the law prescribed for directing his title is substantially complied with. When the Legislature has laid down certain things to be done, it is not for the courts to say, unless upon weighty reasons, that any of them, are non essentials. We are of opinion that appellant has failed to show that he is entitled to any of the land in controversy, and the judgment should be affirmed. There are other views of the testimony, that would lead to the same result, not necessary now to be considered.

*Affirmed.*