### State of Texas v. E. D. Farmer.

#### No. 937.   Decided December 10, 1900.

**1.  Assessment of Taxes—Description.**

Where there were two surveys in the same county in name of same grantee and for the same number of acres, an assessment as unrendered land as follows: "Owner unknown, abstract number 560; original grantee, Thomas Hamilton, number of acres, 1067; unrendered, 1067 acres; value $10,000," was insufficient to determine which of the two was the land assessed or to fix the lien of the State for taxes on either. (Pp. 235, 236.)

**2.  Tax Lien—Assessment.**

The lien of the State for taxes against land arises out of the assessment and does not exist until that is made; the "assessment" means more than the sum ascertained as the tax to be charged against it, but includes the procedure on the part of the officials by which the property is listed, valued, and finally the pro rata declared. (P. 235.

**3.  Same—Purchaser.**

If the description given in the assessment of property is not such that by applying it to the land it can be identified (as where there were two tracts in the county equally answering the description) no lien arises from the assessment which could be foreclosed against a subsequent purchaser of the land. (P. 235.)

**4.  Same—Decision Limited.**

The foregoing ruling is expressly limited as not applying to a purchaser buying during the current year and before assessment made, where a valid assessment was thereafter made upon the land for that year. (P. 236.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Parker County.

The State sued to foreclose its lien for taxes, and was denied recovery and this ruling affirmed on appeal, whereupon it obtained writ of error.

*Alexander & Fain*, for plaintiff in error.—If there is overvaluation of land, or unlawful or fraudulent acts of the assessor in making an assessment, the party aggrieved has adequate remedy by applying to the board of equalization for relief, and failing to do this, he can not be heard to complain except upon allegation and proof of fraud on the part of the board itself. Rev. Stats., arts. 5120-5122, 5124; Duck v. Peeler, 74 Texas, 272; Lumber Co. v. Jones, 49 S. W. Rep., 909.

The Act of the Legislature of 1897, Revised Statutes, article 5232c, having provided that in case the description in the lists or assessment rolls was insufficient, then the inventories in the assessor's office would be admissible to identify the land, it was necessary to allege the non-existence of such inventory. Rev. Stats., art. 5232c; Turner v. City of Houston, 51 S. W. Rep., 644.

The District Court erred in giving judgment for defendant and in not finding for plaintiff, because the evidence showed that no effort had been made to have any mistake or errors corrected by the board of equalization of Parker County, the proper tribunal to correct such errors, if any existed.

The Constitution and the statutes of Texas gave a lien to the State and the county for the taxes assessed, and the lien should have been foreclosed. Const., art. 8, sec. 15; Acts 18th Leg., Spec. Sess., p. 67; Acts 19th Leg., p. 105; Sayles' Stats. 1888, art. 4709; Rev. Stats., arts. 5232b, 5232c.

The statute has been substantially complied with where sufficient description is given to identify the land. and such assessment creates a lien. Const., art. 8, sec. 15; Scollard v. City, 42 S. W. Rep., 640; Hernandez v. City, 39 S. W. Rep., 1024; Railway v. State, 39 Texas, 148; 1 Desty on Tax., 567; Cooley on Tax., 407; 25 Am. and Eng. Enc. of Law, 219, 220.

*S. W. T. Lanham* and *Geo. A. McCall,* for defendant in error.—The allegations of fraud as stated in the answer, concerning the assessment, are such as to render the assessment void, if true, shocking the conscience of any court, and this is a question of fact for the court or jury. Johnson v. Holland, 43 S. W. Rep., 70; Railway v. Cole, 75 Ill., 594; Hotel Co. v. Lieb, 83 Ill., 609; Cooley on Tax., 2 ed., 784; 25 Am. and Eng. Enc. of Law, 1 ed., 241; Tainter v. Lucas, 29 Wis., 375; 2 Desty on Tax., 656.

It was not competent for the Legislature by an act of 1897 to make valid assessments of property for the years 1884, 1885, and 1886, when said assessments were invalid at the time they were made. Conklin v. El Paso, 44 S. W. Rep., 883; Railway v. Poindexter, 7 S. W. Rep., 317; Henderson v. White, 69 Texas, 103; Morgan v. Smith, 70 Texas, 637; Const., art. 1, sec. 16; Sayles' Stats., art. 5119 (4711); Const., art 8, secs. 11, 15; Clegg v. State, 42 Texas, 605; Labadie v. Dean, 47 Texas, 90.

The Constitution of the State of Texas and the statutes thereof give no lien to the State and County for taxes unless the assessment is made according to law.

The statute in regard to assessments as it existed in the years 1884, 1885, and 1886, not having been complied with in regard to the certificate number, the survey number, the number of acres, and the true value of the land, and there being nothing in evidence to show which abstract number was intended to apply to the land in controversy, no lien was created on said land by the attempted assessment as shown by the proof.

No other judgment could have been rendered than that rendered by the court. Rule No. 19 for District Court; Pool v. Sanford, 52 Texas, 635; Wynne v. Bank, 82 Texas, 378; Tinsley v. Penniman, 83 Texas, 54; Dean v. Lyons, 47 Texas, 18.

BROWN, ASSOCIATE JUSTICE.—In the years 1884, 1885, and 1886, respectively, the assessor and collector of Parker County assessed for each year 1067 acres of land in the name of "unknown owners." The description of the land in each assessment was given as follows:

"Owner unknown; abstract number, 560; original grantee, Thomas Hamilton; number. of acres, 1067; unrendered, 1067 acres; value, $10,000." For each of the said years, the assessor of that county assessed another tract with exactly the same description, except that it had abstract number 561. Under these renditions, the land was sold by the tax collector of Parker County and bought in by the State.

In the spring or summer of 1886, the defendant in error and I. W. Stephens and S. W. T. Lanham bought a tract from the heirs of Thomas Hamilton in Parker County, containing 449 acres, but the original survey had been made for 1067. There being a conflict, it was reduced to the first named number of acres. Subsequently, Farmer bought the title of Stephens and Lanham. At the time of the purchase, Farmer, Stephens, and Lanham each knew that the taxes had not been paid upon the land.

Under and in conformity with the provisions of a law passed in 1897 (Laws Twenty-fifth Legislature, page 132), the delinquent tax rolls were made up by the collector of Parker County, approved by the Commissioners Court of that county, and, after all preliminary proceedings by advertisement and otherwise, the rolls were placed in the hands of the county attorney for suit. The delinquent tax rolls showed the tract designated by abstract number 560 to be delinquent, and the description as made by the Commissioners Court was sufficient to identify it as the tract of land now owned by the defendant in error. Suit was brought in the name of the State of Texas against the defendant in error, alleging all the facts necessary to establish the claim of the State for taxes against the land, in compliance with the law, and that the defendant in the suit was the owner of the land upon which the taxes were due, and the judgment was prayed for, foreclosing the lien of the State upon the land and its sale for the payment of the taxes. Among other defenses not necessary to notice, the defendant pleaded and proved that at the time the assessment was made in 1884, 1885, and 1886, there were two tracts of land located by virtue of the same certificate, Thomas Hamilton grantee, with the same number of acres of land, 1067, lying in Parker County, one of which tracts was designated by abstract number 560 and the other by 561, and upon this state of facts the defendant claimed that the description of the land was so uncertain as to render the assessment void, because the land could not be identified by means of the description given in the assessment. The trial court entered judgment for the defendant in the case, which was affirmed by the Court of Civil Appeals.

The State claims no personal liability on the part of the defendant Farmer for the taxes, but asserts that Farmer bought it subject to the tax lien of the State, and seeks to enforce the lien upon the land itself. Article 7, section 15, of the Constitution, reads as follows: "The annual assessment made upon landed property shall be a special lien thereon, and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment

of all taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide." The lien of the State, under the provisions of the Constitution, arises out of the assessment of the property and does not exist until that assessment is made. It is the assessment made annually by the officers of the State under and in accordance with the law which holds a lien upon the land. The word "assessment" as here used evidently means the sum which has been ascertained as the apportioned part of the tax to be charged against the particular piece of property, but under our Constitution and the provisions of our statute, the word embraces more than simply the amount and includes the procedure on the part of the officials by which the property is listed, valued, and finally the pro rata declared. Clegg v. State, 42 Texas, 610; Welty on Assessment, p. 6. It was held in the case of Clegg v. State, 42 Texas, 610, that the State could not maintain an action against the property owner for the recovery of taxes until a valid assessment had been made of the property.

Under the Constitution and the provisions of our statute, no lien attached to the land in question unless the assessments made in 1884, 1885, and 1886 were valid and binding under the terms of article 4711, Revised Statutes of 1879, which was then in force, and is in this language: "If the assessor of taxes discover any real property in his county subject to taxation which has not been listed to him, he shall list and assess such property in the manner following, to wit: 1. The name of the owner; if unknown, say 'unknown.' 2. Abstract number and number of certificate. 3. Number of the survey. 4. Name of the original grantee. 5. Number of acres. 6. The true and full value thereof." * * *

The construction of the law most favorable to the State is that a substantial compliance with the statute would be sufficient to fix the lien for the taxes, and for the purposes of this opinion only, we adopt that as the rule by which the case is to be decided. If the description given in the assessment is such that by applying it to the land it can be identified, it is a substantial compliance with the requirements of the statute and the lien attached. If there had been but one tract of land in Parker County located under the Thomas Hamilton certificate, or if the two tracts had differed in the number of acres contained therein, then the abstract number would be sufficient to identify the particular tract of land sought to be designated by number 560, but it was shown by the evidence that there was another tract of land in the county located by virtue of the same certificate, and containing the same number of acres of land, valued at the same sum, and in no way distinguished from the other except by the abstract numbers. The question arises, could anyone determine to which of the two surveys abstract number 560 was affixed? A careful consideration of the matter has satisfied us that there is no way of applying the description given in the assessment of the tracts of land which would distinguish one from the other,

which fact renders the description uncertain, and the assessment invalid; hence no lien attached prior to the purchase of it by the defendant, Farmer, and Stephens and Lanham.

It does not matter that the purchasers knew that the taxes had not been paid, for until the assessment was made, the land was not incumbered by the State's demand; and when the title passed to Farmer, Stephens,. and Lanham, it passed free of any claim of the State for the taxes which had not theretofore been assessed. Lest there may be misapprehension, we do not intend by this decision to pass upon the question that might arise where a purchaser buys during the current year and before assessment is made and a valid assessment is thereafter made upon the land for that year.

.There is no error in the judgments of the District Court and Court of Civil Appeals, and the said judgments are affirmed.

*Affirmed.*