COOPER GROCERY COMPANY v. CITY OF WACO.

Decided December 10, 1902.

1.—Description of Property.

A description of property, in its rendition by the owner and upon the tax rolls, is sufficient if it furnishes the means by which the property can be identified from the description itself or by the use of extrinsic evidence to apply that description to the property, though the numbers of the block and lots are not given.

2.—Same—Rendition by the Owner.

The same fullness of description is not required, it seems, when the rendition for taxes is made by the owner, as when the assessment is against an unknown owner or unrendered property; also in action to enforce the lien instead of sale under the tax rolls.

Appeal from the District Court of McLennan County.  Tried below before Hon. Sam R. Scott.

*Davis & Cocke,* for appellant.

*Samuel H. Clayton,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—The city of Waco brought this suit against Luke Moore, James I. Moore, Bart Moore, John Moore, and T. P. Moore, formerly composing the firm of Moore Bros., and against the Cooper Grocery Company, a corporation, to recover $400, taxes due for the year 1894, on certain lots in the city of Waco.  A personal judgment was recovered against the firm of Moore Bros., and a foreclosure of the lien on the lots as against all the defendants.  A judgment was also rendered on cross-action in favor of the Cooper Grocery Company against the other defendants.

The Cooper Grocery Company only has appealed.  The trial was before the court, and there are no findings of fact in the record, but from the statement of facts we find the following:

The city of Waco, a municipal corporation acting under special charter, regularly levied, for the year 1894, ad valorem taxes amounting in the aggregate to $2 on each $100 worth of property in said city.

The firm of Moore Bros., composed of Luke, James I., Bart, John and T. P. Moore, for several years, and up to May 14, 1895, owned lots 1, 2 and 3 in block 18 in the city of Waco, fronting 150 feet on the southeast side of Mary street, and 165 feet on the southwest side of Fourth street, in said city; and said lots had for several years been occupied by a building generally known as "Moore Bros. store."  This firm owned no other property in that locality.

On December 31, 1889, the other members of the firm executed to J. I. Moore a conveyance of this property, which was duly recorded in the deed records of McLennan County, January 20, 1890, but said conveyance was executed only for the purpose of getting a loan, and did not pass the title.

On March 14, 1895, J. I. Moore, in whom the title of record appeared to be, conveyed said lots to the Cooper Grocery Company. M. A. Cooper, president of the company at that time, made inquiry as to whether James I. Moore had paid his taxes, but did not examine the tax rolls, which would have shown that J. I. Moore had not paid on this property. There is some conflict of evidence, as to whether the Cooper Grocery Company knew that Moore Bros., and not J. I. Moore, were the real owners of the property in 1894, but giving due weight to the presumption in favor of the judgment, we find that the Cooper Grocery Company had notice of the real ownership of the property.

The firm of Moore Bros. ceased to do business prior to 1894, but in 1894 and 1895, T. P. Moore was winding up the business of the firm, and there had been no dissolution.

During the year 1894, T. P. Moore, a member of said firm, rendered the property in controversy for taxes to the tax assessor of said city, the description contained in said rendition being as follows:

"Inventory of property owned by Moore Bros. and rendered for assessment for taxes for the year 1894, by T. P. Moore to S. B. Humphries, assessor and collector of taxes for the city of Waco, McLennan County, Texas:

"REAL ESTATE.

| Street | Lot | Block | Value | |
| --- | --- | --- | --- | --- |
| | | | Old Corporation | New Corporation |
| Store 4th and Mary Streets 2 Lots 13th and Dutton | | | 20,000 400 | |

Said rendition having a proper affidavit signed and sworn to by T. P. Moore.

Said rendition appears upon the tax rolls of the city as follows:

| No. | Real Estate | Value | Tax | Total Tax |
| --- | --- | --- | --- | --- |
| 1689 | Moore Bros. (T. P. Moore, Agt.) Store S. 4th and Mary Sts. 2 Lots S. 13th and Dutton | 20,000.00 400.00 | 408.00 | 408.00 |

The property described in said rendition and in said tax rolls is identified by the evidence as lots 1, 2 and 3 in block 18 in the city of Waco, and as being the same described in the deed from Jas. I. Moore to the Cooper Grocery Company. The taxes on said property for the year 1894 have never been paid by anyone.

*Opinion.*—Nine of the appellants' assignments of error are directed

against the description of the property as contained in the rendition and assessment rolls.

Our Supreme Court in Eustis v. City of Henrietta says: "The general rule which governs in determining the sufficiency of the description of property embraced in an assessment for taxes is, that such description is sufficient when it furnishes the means by which the property can be identified from the description itself, or by the use of extrinsic evidence to apply that description to the property." 90 Texas, 471.

It is to be noted that where the rendition is made by the owner, the same fullness of description is not required as if the assessment was against an unknown owner or upon property not rendered by the owner. Grace v. City of Bonham, 2 Texas Ct. Rep., 698; 63 S. W. Rep., 158. A more liberal rule is also applied in an action to enforce a lien for taxes than would obtain in a sale of the land under the tax rolls. Burroughs on Tax., sec. 95.

Applying these principles to the description in this case, we think it is sufficient. There is really only one particular in which it does not comply with the requirements of the ordinance. It does not give the numbers of the block and lots. If part of the property were homestead, as in the case of Jordan v. Brenham, 57 Texas, 657, or if there were any other difference between the several lots as to their liability for taxes, this defect would become important. But this entire property stands on an equal footing. No taxes are sought to be charged upon it except those due on the property itself; and under the Constitution and laws, these are a lien equally upon all of the lots. Such being the case, if the property was otherwise sufficiently described to identify it, the failure to give the numbers of the block and lots is unimportant.

Other assignments of error complain of the judgment, because appellant was an innocent purchaser of the property from James I. Moore, the owner of the legal title, without notice that the real ownership was in the firm of Moore Bros. Our finding that appellant had notice of the real ownership disposes of these assignments.

We have carefully considered the remaining assignments relating to the sufficiency of the tax levy and the admissibility of evidence, and find no error.

The judgment of the District Court is therefore affirmed.

*Affirmed.*