GEORGE PFEUFFER ET AL. v. HARRY R. BONDIES ET AL.

Decided February 17, 1906.

**1.—Recital in Patent—Transfer of Certificate to S., Deceased.**

The patent to the land in controversy issued in 1863 to the heirs of S. It contained a recital that the certificate, by virtue of which the land was surveyed, was transferred to S., deceased, in 1854. S. died in 1855. Held, that the recital in the patent meant that S. was deceased at the date of the patent, and not at the date of the transfer of the certificate to him, and did not affect the validity of the patent.

**2.—Tax Sale and Deed—Misdescription of Land.**

The original grantee of the land was Judson M. Meador; the correct abstract number was 151; it contained 320 acres, and it was the only survey of that name in the county. The land was assessed in 1880 as the property of "unknown owners;" in making the assessment it was described by the assessor as "abstract No. 151, certificate No. 95, headright survey, Joseph M. Meador, number of acres, 320." No survey number was given. In advertising the property as delinquent it was described as "abstract No. 157; original grantee Joseph W. Meador." In the tax deed it was described as the "Joseph W. Meador survey, abstract No. 157, certificate No. 95, in Gregg County." Held, the misdescription of the land on the tax rolls as the Joseph M. Meador survey, and the omission of the survey number were fatal to the assessment; and the misdescription in the advertisement and the collector's deed was not cured by the fact that it was the only Meador survey in the county.

Appeal from the District Court of Gregg County. Tried below before Hon. Ras. Young, Special Judge.

*A. Winslow* and *Lit Terry,* for appellants.—A conveyance to a party not living at the time of its execution is void. Also a conveyance to a party, which shows upon its face that the grantee therein is dead, is void, even though he be living at the time of the execution thereof. See Am. & Eng. Ency. of Law, vol. 9, p. 40, and authorities therein cited, viz.: Lyles v. Lescher (Ind.), 7 West, 53; Phelan v. San Francisco Co., 6 Cal., 531; Barr v. Schroeder, 32 Cal., 610; Skinner v. Grace Church, 20 N. W. Rep., 577; Gaston & Thomas v. Dashiell, 55 Texas, 508; Robertson v. Guerin, 50 Texas, 317; Hunter v. Watson, 12 Cal., 363, 73 Am. Dec., 543; Devlin on Deeds, sec. 123; 3 Washburn on Real Prop. (4th ed.), 266; Wood on Conveyancing, 170, 171; Renick & Frazier v. Dawson, 55 Texas, 102-109; Willis v. Gay, 48 Texas, 469; Peters v. Clements, 46 Texas, 114.

All that is required in the assessment of real property against an unknown owner, for the taxes due thereon, is to give such description thereof in the tax rolls and notice of sale as will identify the property, and a tax deed for property so described, which has been sold for the taxes due thereon by the tax collector, in accordance with the requirements of the law in force at the time the sale was made, vest a good and perfect title to the purchaser thereof, subject to be impeached only for actual fraud. Const. of 1876, sec. 13, art. 8; Morgan v. Smith, 70 Texas, 637-642; Eustis v. City of Henrietta, 90 Texas, 468-475.

*Harry R. Bondies* and *Gaines B. Turner,* for appellee.—The evidence, as shown by the court's conclusions of fact, showing that an

incorrect abstract number was given, and that the name of the original grantee was incorrectly given, and that no survey number was given, nor any excuse or reason offered why the said number was not given, it was error on the part of the court to admit the said tax rolls for 1880 in evidence, and it was further error to hold that the same was correctly advertised, and also error on this account to admit in evidence the tax deed from Campbell to Peters, and it was further error to admit the tax deed, because it incorrectly described the land.

Judge Collard, in the case of Williams et al. v. Thomas et al. (44 S. W. Rep., 1073), says: "W. N. Morris and W. U. Morris are not identical names of the same person," and cited the following authorities: Battle v. Guedry, 58 Texas, 114; Golden v. Patterson, 56 Texas, 628; Crumbley v. Busse (Texas Civ. App.), 33 S. W. Rep., 440; Clark v. Kirby (Texas Civ. App.), 25 S. W. Rep., 1096.

The court further holds: "A deed, to be valid, must by its own terms convey the land claimed, and it can not be aided by parol," and cites Wofford v. McKinna, 23 Texas, 36; Clark v. Kirby, 25 S. W. Rep., 1097; Brokel v. McKechnie, 69 Texas, 32, 6 S. W. Rep., 623; Murphy v. Welder, 58 Texas, 240.

We submit, as the tax deed from the collector to Peters conveys the Joseph W. Meadow, abstract 157, and not the Judson M. Meador abstract 151, that the same is void. If tax deed is so uncertain as to require extrinsic evidence it is void. Wofford v. McKinna, 23 Texas, 45; approved in Wooters v. Arledge, 54 Texas, 397; Logan v. Pierce, 2 Posey U. C., 288; Hubbard v. Arnold, 2 Posey U. C., 328; Norris v. Hunt, 51 Texas, 616; Crabtree v. Whitselle, 65 Texas, 112.

It is held in Norris v. Hunt that a patent ambiguity in the description renders it void.

Variance between roll and deed: Judge Roberson, in the case Meredith v. Coker (65 Texas, 30), says: "As land listed as the Joshua Shelton, and in deed Jos. or Jas. Shelton, was not the same land listed as conveyed, and the rolls and deed were properly excluded." Hadley v. Tankersley, 8 Texas, 12; Blackwell on Tax Tit., 83, note 1; Cooley on Tax, 355; Burrough on Tax, sec. 120.

Incorrect abstract number, survey number: The court held in Railway Co. v. Poindexter (7 S. W. Rep., 316), that the rolls are not admissible unless the correct abstract number and the correct number of the survey are proved. Also cites McCormick v. Edwards, 6 S. W. Rep., 32; Meredith v. Coker, 65 Texas, 30, 31; also, see 9 Texas, 408.

It is held in Henderson v. White, by Judge Willie (5 S. W. Rep., 374): "That a sale is void if failure to list by number of certificate."

It is held in Crumbley v. Busse (32 S. W. Rep., 438): "That a variance in the number, as No. 884, instead of No. 324, renders the sale void for ambiguity." House v. Stone, 64 Texas, 677; Waters v. Spofford, 58 Texas, 124; Coker v. Roberts, 71 Texas, 602; Norris v. Hunt, 51 Texas, 609; Carter v. Illies, 13 Texas, 234.

T. D. Campbell, tax collector, having no recollection as to advertising and selling the land, nor any other matters, except from the recitals in the deed, it was, therefore, error on the part of the court to conclude that the tract of land in controversy was correctly advertised.

Judge Willie, in the case of Henderson v. White (5 S. W. Rep.,

373), says: "It is true that the tax deed under decision recites that the collector offered the land at public auction at the time, place, and in manner required by law. This, however, is a statement of a mere conclusion of law; and, further, it is well settled in this State that the deed is not evidence of the recitals contained in it." Meredith v. Coker, 65 Texas, 29; Henderson v. White, 5 S. W. Rep., 375, 69 Texas, 103; 6 S. W. Rep., 32; 8 S. W. Rep., 529; 57 Texas, 86.

REESE, ASSOCIATE JUSTICE.—This was a suit in trespass to try title, brought by Harry R. Bondies and others against Geo. Pfeuffer and others to recover a tract of 320 acres of land. Upon trial before the court without a jury judgment was rendered for plaintiff, Turner, who, having bought out all the other plaintiffs after suit brought, pleaded such purchase, and defendants have appealed.

The tract of land, described as the J. M. Meador survey in Gregg County, was patented to the heirs of W. M. Simpson, deceased, by virtue of an unconditional certificate issued to Judson M. Meador. The patent recites that the certificate was issued to said Meador on September 3, 1848, and it is recited in the patent that the certificate was transferred to Allen October 16, 1854, by Allen to Frazer on December 17, 1854, and by Frazer to *Wm. M Simpson, deceased,* on the same day. The certificate, by virtue of this last transfer, became the community property of Wm. M. Simpson and his wife, Letitia Simpson, to whom he was married in 1843. W. M. Simpson died in 1855, leaving a widow, the said Letitia, and no children. Both by the terms of his will and as sole heir of the community property, the certificate in question passed to the widow, Letitia, from whom it passed by her will to her son, T. R. Buford, and her daughter, Catherine Bondies, and her children.

The original plaintiffs are sole heirs-at-law of Catherine E. Bondies, and conveyed the land to G. B. Turner, who came in as party plaintiff and recovered judgment.

The heirs-at-law of T. R. Buford are made defendants to the suit, some of whom disclaimed, and others not disclaiming made default. Judgment was rendered against them by default and upon disclaimer. No complaint is made of the judgment on this account.

The defendants, Pfeuffer and Buenz, claim title under a tax deed. Appellants contend that, notwithstanding the court found that W. M. Simpson died in 1855, the recitals in the patent that the Meador certificate was conveyed in 1854 by Frazer to W. M. Simpson, *deceased,* show that Simpson was dead at the time of such transfer, and that such transfer was on this account void, and no title passed to his heirs by the patent. No such effect can be given to this recital. The patent was issued in 1863 to the heirs of W. M. Simpson, and the only inference to be drawn from the recital in the patent, that the certificate had been transferred in 1854 to W. M. Simpson, deceased, is that Simpson was deceased at the date of the patent. The same statement occurs in appellee's petition, in referring to the patent as descriptive of the land sued for, and appellants' objections thereto are equally without force. This objection is presented in various forms under several assignments of error, all of which are overruled. W. M. Simpson is shown to have

been alive at the date of the transfer of the certificate to him by positive and undisputed evidence. The naked recital in the patent does not tend to show otherwise.

The evidence sufficiently shows appellee's right to recover. against appellants unless the title was divested out of them by the tax sale and deed under which appellants claim.

The original grantee of the land was Judson M. Meador. The abstract number was 151. The tract contained 320 acres, and it was the only Meador survey in the county. It was sold in 1881 for the delinquent taxes of 1880 to the parties under whom appellants claim. The land was assessed as the property of "unknown owners," and in making the assessment it was described by the assessor as "Abstract No. 151, Certificate No. 95, Headright survey, *Joseph* M. Meador, number of acres, 320." No survey number was given.

In advertising the property as delinquent it was described as abstract number 157. Original grantee, *Joseph W.* Meador. In the tax collector's deed the land is described as the *Joseph W. Meador* survey, abstract number 157, certificate number 95, in Gregg County.

It is settled law that, in order to divest the title of the owner by a sale for taxes, such as the one here relied upon, it must be affirmatively shown that all of the requirements of law were complied with in making such sale. It is only by a strict compliance with such requirements that the authority to make the sale is given. As a first step there must be a valid assessment, as shown by the tax rolls. The listing of the property on the tax rolls as the Joseph M. Meador survey, and the omission to give the survey number, were fatal to the assessment so far as it could affect this survey, which was the Judson M. Meador survey. (Rev. Stats., art. 5119; Williams v. Thomas, 44 S. W. Rep., 1073; Meredith v. Coker, 65 Texas, 30; Gulf, C. & S. F. Ry. Co. v. Poindexter, 7 S. W. Rep., 316.)

The advertisement of the property described it as the Joseph W. Meador survey, abstract number 157, and the tax collector's deed described it in the same way. This misdescription as to the name of the original grantee was not helped by the finding of the trial court that there was no other Meador survey in Gregg County. Neither the assessment, advertisement nor sheriff's deed described this tract of land as required by law, and the tax deed was insufficient to convey title to those under whom appellants claim. We find no error in the record requiring a reversal of. the judgment of the trial court, and it is affirmed.

*Affirmed.*