STATE OF TEXAS v. W. J. B. ADAMS.

Decided March 7, 1910.

**1.—Taxes—Assessment—Compliance with Statute.**

The decisions which require a strict compliance with the law in regard to the assessment of land for taxes in cases of summary sales by the tax collectors by virtue of the tax rolls, should not now control under the law requiring a suit and foreclosure of the lien. If the description given in the assessment is such that by applying it to the land it can be identified, it is a substantial compliance with the requirements of the statute and the tax lien attaches.

**2.—Same—Description—Omission of Survey Number.**

Under the present law and procedure for the collection of taxes an omission by the tax assessor of the number of the survey will not invalidate the assessment, provided the land can be identified from the entire description.

**3.—Appeal—Practice.**

A Court of Civil Appeals will not decide a question not raised in the trial court.

Appeal from the District Court of Jasper County. Tried below before Hon. W. B. Powell.

*Smith & Blackshear,* for appellant.—The assessment is sufficient if the land assessed can be identified by the description given on the roll. Sec. 7, chap. 130, of the Acts of 29th Leg., p. 320; State v. Farmer, 94 Texas, 232; Haynes v. State, 44 Texas Civ. App., 492.

*W. W. Blake* and *Roi Blake,* for appellees.—The omission or failure to give the number of the survey in making out these rolls, or to state that the number was unknown, is fatal to the validity of the

roll when attempted, as in this case, to operate as a lien in favor of the State for the taxes assessed. Constitution, art. VIII, sec. 15; Rev. Stats., 1879, page 681, arts. 4681, 4683, 4710, 4711; Henderson v. White, 69 Texas, 104; McCormick v. Edwards, 69 Texas, 108-9; Morgan v. Smith, 70 Texas, 641; State v. Farmer, 57 S. W., 84; State v. Farmer, 94 Texas, 232; Clegg v. State, 42 Texas, 605; George v. Dean, 47 Texas, 73; Pfeuffer v. Bondies, 42 Texas Civ. App., 52.

REESE, ASSOCIATE JUSTICE.—This is an action by the State against W. J. B. Adams, as the owner, to recover the taxes due on the Grant and Lator 640-acre survey of land in Jasper County for the years from 1885 to 1895, inclusive, excluding the year 1894, and to foreclose the tax lien. The taxes sued for, with interest, penalties and costs, amounted in the aggregate to $185.14. The case was tried by the court without a jury, and resulted in a judgment for defendant, from which the State appeals.

There is no statement of facts in the record, but the court filed conclusions of fact and law, from which it appears that all the prerequisites necessary to sustain the State's claim for the amount of taxes, penalties, interest and costs, and to establish the lien therefor, had been complied with, with the single exception that in the assessment of the land, which was assessed to "unknown owner" on the unrendered roll, the assessor in describing the land omitted to give the number of the survey. The abstract number and certificate number, the name of the original grantee, the number of acres and the value, were all properly given for each of the years named. The court concluded, as a matter of law, that the failure to give the survey number of the tract rendered the assessment invalid.

The court found that appellee was not the owner of the land at the date of these assessments, but that he acquired the title after the year 1895, paying value therefor, and without other notice of the lien for taxes or that the taxes were not paid than such as was furnished by the assessment rolls made up as aforesaid. It is alleged in defendant's answer that he bought the land at tax sale for the taxes for the year 1894 on the 7th of May, 1895, but there is no finding as to this. It was further alleged in his answer that he bought from the owner May 5, 1905, and received a deed which is attached to the answer. We have stated the only finding of the court as to the purchase of the land by appellee, which, as it is stated to have been after the year 1895, can not be referred to the purchase at tax sale alleged to have been on May 7, 1895, but must be referred to the purchase from the owner on May 5, 1905.

The assignment of error presents the question of the correctness of the conclusion of law of the trial court that the assessment aforesaid did not constitute a valid lien, nor authorize a recovery in this action.

Under former decisions of the Supreme Court it has been repeatedly held that in order to authorize a sale for taxes it is necessary that the law with regard to the assessment of land for taxes must be strictly complied with, and that in the description of the land the

omission to give the number of the certificate or survey, unless there be some reasonable excuse for such· omission, is fatal to the assessment. (Henderson v. White, 69 Texas, 103; McCormick v. Edwards, id., 106; Morgan v. Smith, 70 Texas, 641; Pfeuffer v. Bondies, 42 Texas Civ. App., 52, 93 S. W., 221.) These, and other cases to the same effect, all arose in cases of summary sales by the tax collector under the provisions of the statute giving him the right to make such sale by virtue of the tax rolls merely. We are inclined to think that this strict rule should be relaxed in cases of suits for taxes and foreclosure of liens, as stated in Cooper Gro. Co. v. City of Waco, 30 Texas Civ. App., 623 (71 S. W., 619); Burroughs on Taxation, sec. 95, p. 207.

In the case of State v. Farmer, 94 Texas, 232, the court was called upon to decide whether, in a suit for taxes, an assessment was sufficient which only contained as description of the tract, the following: "Owner unknown. Abstract number 560. Original grantee, Thomas Hamilton. Number of acres, 1967. Unrendered, 1067. Value, $10,-000." It appeared that there were two tracts of land in that county in the name of Thomas Hamilton as original grantee, each containing the same number of acres, the abstract number of one being 560 and of the other 561. It will readily be seen that from the foregoing assessment it would be impossible to determine to which one of the two tracts it applied, and the court so held, and upon this ground, resting mainly upon the facts that there were shown to be two surveys of the same number of acres and in the name of the same original grantee, the assessment was declared invalid. We are aware that the court ·is very careful not to lay down a general rule, and to limit the opinion to the facts of that case. The court says: "The construction of the law most favorable to the State is that a substantial compliance would be sufficient to fix the lien for taxes, and, for the purpose of this opinion only, we adopt that as the rule by which the case is to be decided. If the description given in the assessment is such that by applying it to the land it can be identified, it is a substantial compliance with the requirements of the statute, and the lien attached." The court then proceeds to show. that the description of the land, for the reasons above stated, did not sufficiently identify the land. While this opinion is not to be regarded as an authoritative settlement of this question of general application, and was not so intended, yet it must be taken as indicating a leaning of the judicial mind in that direction. Otherwise the case would have been decided, as ·it clearly could have been, upon the naked ground that the assessment did not give either the certificate number or the survey number, the omission of either of which, under the decisions heretofore referred to, would have been fatal to the assessment.

The case of Cooper Gro. Co. v. City of Waco, *supra,* was decided by the Court of Civil Appeals of the Third District. That was a suit by the city of Waco to collect city taxes on land described as lots 1, 2 and 3, block 18, in the city of Waco. We gather from the opinion that the ordinance of that city required the assessment to show the number of the lots and block. The assessment described

the property as follows: "No. 1689. Moore Bros. T. P. Moore, Agt. Store S. 4 & Mary Sts.," giving further the value and the amount of the taxes due. Quoting from Eustis v. City of Henrietta, 90 Texas, 468, the court says: "The general rule which governs in determining the sufficiency of the description of property embraced in an assessment for taxes is that such description is sufficient when it furnishes the means by which the property can be identified from the description itself, or by the use of extrinsic evidence to apply that description to the property." It was held that the description was sufficient.

In the case of Grace v. City of Bonham, decided by the Court of Civil Appeals of the Fourth District (26 Texas Civ. App., 161), there is a similar holding. The suit was for collection of taxes due the city of Bonham on certain property described as follows: "Abstract No. 112. Original grantee, H. Burkhardt. Chas. D. Grace, owner. Situated in the city of Bonham. Acres rendered, 271½," giving valuation. The ordinances of the city required the assessment to show the name of the owner, the abstract number, the number of certificate, the number of survey, the original grantee and number of acres. It will be noticed that although the court says that the assessment made was almost a literal compliance with the ordinances, in fact, it omits both the certificate number and the survey number. The court treats what was said by the Supreme Court in State v. Farmer, *supra,* an authoritative declaration of a principle of general application. The description was held to be sufficient, and writ of error was refused by the Supreme Court.

We think the trial court erred in holding that the assessment was not sufficient.

It is not necessary to decide what effect the Act of April 17, 1905 (Acts 29th Legislature, chap. 130, p. 318), would have if the description of the land in the assessment was insufficient. By section 7 of that Act it is provided that "in all suits to enforce the collection of delinquent taxes where the assessment of any property for any year. is invalid by reason of the failure of the assessor to comply with the provisions of law for the description of . . . any tract of land . . . such assessments are hereby validated and are given the same force and effect as if the descriptions . . . were in all respects strictly in compliance with law . . . provided, as to description, that the description given is such as to identify the property." This Act took effect April 17, 1905. According to the allegations of· defendant's answer, which might be considered against him, his purchase of the land was on May 5, 1905. If the statute applied, and we see, no reason why it should not, at the time appellee purchased, this assessment, if erroneous in the matter of description, had been validated, provided the description given is sufficient to identify the land. As to this we have no doubt. Everything of description required by statute was given except the survey number. It did not appear that there was more than one survey in the name of Grant and Lator, as in the Farmer case. No doubt could exist for a moment as to the land intended to be embraced in the assessment.

Appellee in his brief sets up that in 1895 he bought the land for the taxes due for 1894, and insists that he took it freed from the lien of the State for taxes for preceding years, and asks us to so hold. There is nothing in the record that raises this question. It was not passed upon by the court in the conclusions of law, nor is there anything in the conclusions of fact upon this point that would authorize us to pass upon the question. The court in the findings of fact says nothing about this previous tax sale, so we can not properly pass upon the question.

The judgment of the trial court is reversed, and, upon the findings of fact, which are not attacked by either party, judgment is here rendered for appellant for the amount of taxes, penalties, interest and costs sued for as shown by the statement attached to the petition, and foreclosure of the tax lien as prayed for.

*Reversed and rendered.*

Writ of error refused.