AMERICAN LUMBER CO. v. STATE.

(Court of Civil Appeals of Texas. Galveston. March 4, 1914. Rehearing Denied March 26, 1914.)

1. TAXATION (§ 421*)—ACTION TO COLLECT—DESCRIPTION IN ASSESSMENT ROLL.

The description of the land in an assessment roll containing all that Rev. St. 1911, art. 7563, requires, except the survey number, will, in an action to collect the tax, be held sufficient to identify the land assessed; there being no evidence that there was more than one survey in the county in the name of the original grantee of the survey in question.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 720–727, 729–735; Dec. Dig. § 421.*]

2. TAXATION (§ 593*)—ACTION TO COLLECT—ORDER OF COMMISSIONERS' COURT.

Under Rev. St. 1911, art. 7692, providing that the assessment rolls or the list furnished by the tax collector, and corrected by the commissioners' court, shall in an action to collect taxes be prima facie evidence that all the requirements of the law have been complied with, plaintiff in an action to collect a tax need not allege or show the order of commissioners' court making the levy.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1214–1216; Dec. Dig. § 593.*]

Appeal from District Court, Newton County; A. E. Davis, Judge.

Action by the State against the American Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. J. & C. T. Duff, of Beaumont, and W. O. Huggins, of Houston, for appellant. A. L. Shaw, of Newton, for the State.

PLEASANTS, C. J. This suit was brought to recover state and county taxes delinquent for the years 1901 to 1905, inclusive, and assessed against the John Carlton survey in Newton county. Appellant, a nonresident corporation, the owner of the land, was made defendant. Defendant answered by general demurrer and by specially excepting to the petition on the ground that the assessment shown by the petition did not sufficiently describe the land assessed to fix a lien thereon. Defendant also denied generally the allegations of the petition and specially pleaded that there was no valid assessment of the land because the description of the land in the assessment was insufficient to identify it. The trial in the court below without a jury resulted in a judgment in favor of plaintiff for the full amount of taxes claimed, together with interest, penalties, and all costs of suit, and for foreclosure of a tax lien upon the tract of 640 acres of land described in plaintiff's petition, and directing that an order of sale issue to the sheriff of Newton county directing said officer to seize and sell said land as under execution to the highest bidder for cash, "but if the defendant, or their attorney, shall at any time before the sale, file with the sheriff, or other officer in whose hands this order of sale be placed, a written request that the property described therein shall be divided and sold in less tracts than the whole, together with a description of said subdivisions, then such officer shall sell the land in said subdivisions as the defendant may request, and in such case shall only sell as many subdivisions as near as may be to satisfy this judgment, interest and cost; and after the payment of the judgment, interest and cost of suit herein against it, the remainder of the purchase price, if any, shall be paid by the sheriff to the clerk of this court to

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

be retained by him subject to the order of the court for a period of two years, after which time the court may order the same paid to the state treasurer, who shall hold the same in trust to be paid to the defendant in the manner prescribed by law."

Appellant's first assignment of error is as follows: "Because the court erred in overruling and in failing to sustain the defendant's special demurrer to the effect that the alleged assessment for the year 1901, 1902, and 1903, for which a lien is sought to be foreclosed, does not sufficiently describe the land to entitle plaintiff to foreclosure of lien upon same." The proposition advanced under this assignment is as follows: "Where a segregated portion of a larger survey is assessed, in order to support a judgment foreclosing the tax lien, it is necessary that the assessment so identify the land as to enable the owner to know on what parcel taxes are demanded, and so that, in a deed conveying the land in satisfaction of the judgment, the land conveyed may be identified."

The land upon which the lien is sought to be foreclosed is described in the petition as follows: "All that certain tract or parcel of land lying and being situate in Newton county, Tex., and known as the John C. Carlton 640-acre survey, abstract No. 69, certificate No. 45, patent No. 464, vol. 2."

The allegations in regard to the assessment are as follows: "Plaintiff avers that said taxes were duly and legally assessed for each of the years hereinbefore stated against said land and each and every tract thereof as provided by law; that the defendant owns said land or claims some right, title, or interest therein, but has wholly failed and refused to pay the said taxes or any part thereof, and same are now delinquent. Plaintiff further avers that the tax collector of said Newton county has in all things complied with the provisions of the aforesaid amended act, and all other laws relating thereto; and in compliance therewith did make a list of the lands and lots on which on the 31st day of March of each year for which the state and county taxes for the preceding year remained unpaid, and which delinquent lists include the years hereinbefore mentioned, charging against the same all taxes and penalties assessed against the owner thereof; that for each year he made said lists in triplicate and presented the same to the commissioners' court of said Newton county for the examination and correction of any errors that may have appeared therein. Plaintiff avers that the commissioners' court of said Newton county duly and regularly examined each of said lists for the corrections of errors and approved the same; that the said tax collector filed one copy of each of such approved lists with the county clerk of said county, retained one copy thereof to be by him preserved in his office, and forwarded one copy of each of such approved lists to the comptroller with his annual settlement reports; that each of the said lists embraced said lands and lots and includes the several sums due for taxes, as aforesaid assessed and due on said lands, being a lien upon each tract or lot, as hereinbefore described, by reason of such delinquency; and that the taxes herein above set out for which the lands and the owner thereof at the date of the respective levies and assessments were and are delinquent, and which have not been paid, is a correct list and statement thereof, and in accordance with the entry upon the tax collector's list as corrected and approved by said commissioners' court. Plaintiff further avers that the commissioners' court of said Newton county caused the said corrected list to be advertised and published as required and provided for in said act, which publication was duly made and perfected prior to the institution of this suit. Plaintiff attaches a copy of said list, marked 'Exhibit A,' to this petition, to the extent only as same is relevant to the lands and taxes herein set forth, and refers to same, and asks that it be made a part hereof."

Exhibit A attached to said petition shows that for the year 1901 there was assessed in the name of "Unknown Owner" 320 acres of the John C. Carlton, original grantee, abstract No. 69, certificate No. 45, and said 320 acres were delinquent for said year. For 1902 it shows an assessment in the name of "Unknown Owners" of 289 acres of the survey described as above by abstract and certificate numbers and name of original grantee, and that said 289 acres were delinquent for said year. It also shows for said year an assessment of 320 acres of said survey in the name of Mrs. W. H. Ford, and that said 320 acres were also delinquent for that year. For 1903 an assessment of 320 acres is shown in the name of Mrs. Ford and 320 acres in the name of "Unknown Owners," both of which are shown delinquent. For the years 1904 and 1905 the whole 640 acres are shown to have been assessed in the name of "Unknown Owners" and delinquent for each of said years. The exhibit shows the amount of taxes, costs, and penalties due under each of said assessments, and, as before stated, the assessments for each year give the abstract and certificate number and the name of original grantee.

[1] We think the description of the land as shown on the assessment rolls is sufficient. It contains all that the statute requires (article 7563, Rev. St. 1911), except the survey number, and the absence of that number would not prevent an identification of the survey and the land assessed, when there is no evidence that there was more than one survey in the county in the name of the original grantee of this survey. It would be impracticable to require that assessors place upon their rolls a more minute description of the land assessed by them than that prescribed by the article of the statute before mentioned, which only requires that the survey

be identified and the number of acres assessed stated.

In support of the contention that the assessment was void because the description therein given of the land assessed was insufficient to identify it, appellant cites the cases of Morgan v. Smith, 70 Tex. 637, 8 S. W. 528, and State v. Farmer, 94 Tex. 232, 59 S. W. 541. The first of these cases involved the validity of a peremptory sale by a tax assessor of unrendered land, and in such cases our courts, in order to relieve the owner from the loss of his property for a debt which was usually an insignificant part of the value of the property, seized upon any plausible grounds for setting such sales aside. The same strictness in the procedure leading up to the sale is not required to protect the owner when such sale is by judicial decree in a suit to which the owner is a party and can present any available defense to the enforcement of the tax lien.

In the Farmer Case a latent ambiguity in the description was developed by the evidence, which showed that there were two tracts of land in the county to which the description given in the assessment would apply, and it could not be determined upon which tract the assessment was made. No such question is presented in this case.

Neither the assignment nor the proposition raises any question as to the sufficiency of the description given in the assessment rolls to identify the land assessed as that upon which the lien is sought to be foreclosed, but the contention is that the assessment is void because the description is insufficient to identify any land. We do not think this contention should be sustained.

[2] It is further contended, under an appropriate assignment, that the judgment for the county taxes claimed in the petition cannot be sustained because it was not shown that a levy of such taxes was made by the county commissioners' court. The delinquent assessment roll introduced in evidence shows these taxes.

Article 7692 of the Revised Statutes provides that the assessment rolls or the list furnished by the tax collector and corrected by the commissioners' court (as said rolls and list are shown to have been in this case) shall in all suits brought to recover delinquent taxes be "prima facie evidence that all the requirements of the law have been complied with by the officers or courts charged with any duty thereunder as to the regularity of listing, assessing, and levying all taxes therein mentioned, and reporting as delinquent any real estate whatsoever, and that the amount alleged against said real estate is a true and correct charge." Under this provision of the statute it was not necessary for the plaintiff to show the order of the commissioners' court making the levy, but the inclusion of such taxes in the list or delinquent roll was prima facie evidence

of the fact that they had been properly levied.

This disposes of the questions raised by appellant's brief, and our conclusions upon these questions require an affirmance of the judgment.

Affirmed.