CITIZENS HOTEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100000.   Promulgated May 21, 1941.

*H. A. Mihills, C. P. A.*, for the petitioner.
*D. D. Smith, Esq.*, for the respondent.

OPINION.

DISNEY: Income tax for the taxable period February 1, 1937, through December 31, 1937, is involved in this proceeding. The respondent determined a deficiency of $5,031.94. All facts were stipulated, and we find the facts to be as so stipulated. Omitting formal parts, the stipulation reads:

1. That the petitioner is a corporation organized under the laws of the State of Texas with its principal office at 106 West Eighth Street, Fort Worth, Texas, and the return for the period here involved was filed with the Collector for the 2nd District of Texas.

2. That prior to, during, and subsequent to the period here involved, the petitioner's books were kept and its income tax returns were filed on the accrual basis of accounting.

3. That in January 1937 the Commissioner granted the petitioner permission to change the basis for filing its income tax return from that of the fiscal year ending March 31 to that of the fiscal year ending January 31, and in September 1937 the Commissioner granted the petitioner permission to change the basis for filing its income tax return from that of the fiscal year ending January 31 to that of the calendar year. The petitioner, pursuant to and in accordance with the requirements of the permission granted, filed an income tax return for the period April 1, 1936, to January 31, 1937, and another income tax return for the period February 1, 1937, to December 31, 1937.

4. That at all times material hereto the petitioner was the owner of certain real and personal property located in Texas and used in connection with its business, and said property was subject to the following ad valorem taxes, which were assessed and levied for the year 1937 under, by virtue of, and in accordance with the Constitution and Articles 1165, 7204–7222, and 7232 of the Texas Revised Civil Statutes (1925 Rev.) :

|  | CITY FORT WORTH. | TARRANT COUNTY TEXAS | TOTAL |
|---|---|---|---|
| Real Property | $25,647.44 | $13,125.00 | $38,772.44 |
| Personal Property | 2,013.96 | 350.00 | 2,363.96 |
|  | $27,661.40 | $13,475.00 | $41,136.40 |

5. That on August 16, 1937, the Commissioners of Tarrant County, Texas, passed a resolution, a copy of which is hereto attached, marked "Exhibit A," and made a part hereof.

6. That Fort Worth is a municipal corporation and on December 11, 1924, was chartered under Section 5 of the Constitution of Texas and Chapter Thirteen of the Revised Civil Statutes of Texas (1925 Rev.). On September 29, 1937, the City Council of Fort Worth passed Ordinance No. 1964, a copy of which is hereto attached, marked "Exhibit B," and made a part hereof.

7. The city and county taxes involved herein were paid on _____.

8. That the petitioner claimed a deduction of $37,911.34 of the aforesaid $41,136.40 of ad valorem taxes in its income tax return for the period herein involved, but the respondent disallowed the entire amount of $37,911.34 so deducted on the ground that ad valorem taxes in Texas accrue on January 1 of each year. The ad valorem taxes in controversy were allowed as deduction to the taxpayer for the period ended January 31, 1937.

9. That the petitioner accrued ad valorem taxes for prior taxable years and for prior taxable periods upon the property giving rise to the taxes in question upon its books on the basis of a monthly proration of the taxes levied and for the period herein involved, January 31, 1937, to December 31, 1937, so reckoned the $37,911.34 in controversy.

The ordinance passed by the City Council of Fort Worth, a municipal corporation, on September 29, 1937, exhibit B attached to the stipulation, in so far as material, provided for the levy and collection of an annual direct ad valorem tax on real and personal property in the city of Fort Worth, on January 1, 1937, for certain purposes named; and provided that the taxes should be due and payable one-half on October 1, 1937, delinquent December 1, 1937, and one-half due on April 1, 1938, delinquent June 1, 1938; and provided penalties for nonpayment.

The resolution passed on August 16, 1937, by the Commissioners of Tarrant County, Texas, exhibit B, attached as a part of the stipulation, recites in pertinent part that the county taxes, occupation taxes, poll taxes and school taxes for the year 1937 be levied, assessed, and collected at specified rates.

The stipulation recites that the city and county taxes involved herein "were paid on _____", the date being left blank. Therefore, though in his brief the petitioner supplies dates of payments, we can make no findings in that regard.

The question for determination here is whether the petitioner, on the accrual basis, is required to accrue real estate and personal property taxes imposed by the county and city of its situs, for the year 1937, during its fiscal year ending January 31, 1937, or whether it may accrue one-twelfth thereof, from January 1, 1937, in that fiscal year, and accrue eleven-twelfths thereof, or $37,911.34, monthly throughout the remainder of the year 1937. By permission given in January 1937 by the Commissioner, the petitioner changed its fiscal year, for reporting Federal income tax returns, from a year ending March 31, 1937, to one ending January 31; and again, in September 1937 was permitted to change to the calendar year basis; and filed a return for the period February 1, 1937, to December 31, 1937. The Commissioner denied deduction of $37,911.34 taxes accrued for such period, but allowed the deduction of the ad valorem taxes in dispute for the period ending January 31, 1937. The petitioner had accrued its taxes for prior periods and years on a basis of monthly proration, and did so for the period January 31, 1937, to

December 31, 1937, in the total amount of $37,911.34, here in controversy.

The ordinance above referred to provides a levy of annual taxes for the year 1937 on property owned on January 1, 1937. In *American Liberty Oil Co.*, 43 B. T. A. 76, 81, we held that the Commissioner properly disallowed deduction of accrued state, county and independent school district taxes in Texas for 1932 by a corporation which acquired property on May 28, 1932. We followed *Texas Coca-Cola Bottling Co.*, 30 B. T. A. 736, wherein we held that taxes in Texas accrued and became a lien on January 1 of each year. In both cases we said that such Texas taxes became a lien on January 1, and that the owner on that date is personally liable for the amount of the taxes. Decisions involving different tax statutes of other states are not of controlling weight. *State of Texas* v. *Farmer*, 94 Tex. 232; 59 S. W. 541, strongly relied on by the petitioner, involved an assessment invalid for indefiniteness, and does not, in our opinion, determine that January 1 is not the date of tax incidence in Texas, as held by us in the above cited cases and by others such as *Cadena* v. *State*, 185 S. W. 367 (Tex. Civ. App.). We hold that January 1, 1937, was the date of incidence of the 1937 taxes herein involved. We considered in *American Liberty Oil Co.*, *supra*, the question whether taxes accrued monthly and concluded that they could not be so accrued. We see no reason in *New Orleans Cold Storage & Warehouse Co., Ltd.*, 40 B. T. A. 121, involving Louisiana tax statutes, to depart from our conclusion in the *American Liberty Oil Co.* case, for although in the *New Orleans Cold Storage & Warehouse Co., Ltd.*, case, as here, there was no change in ownership of the property, but a change in taxable years by one on the accrual basis, nevertheless in Louisiana there was no personal liability for the taxes and no lien, in the previous taxable year, while in Texas there is both. Though the petitioner suggests that only cases from the Texas Court of Civil Appeals support the idea that the owner of property on January 1 is personally liable, we note that the Supreme Court of that state followed the rule in *Childress County* v. *State*, 92 S. W. (2d) 1011. We think, therefore, that herein the taxes were properly to be accrued in the previous taxable year, and that such accrual would properly reflect income. In our opinion the respondent is not shown to have erred in disallowing the deduction of the $37,911.34 taxes accrued for eleven months of 1937, in petitioner's taxable year beginning February 1 of that year.

*Decision will be entered for the respondent.*