## W. E. Schaffer v. Laura J. Davidson et al.

### Decided October 31, 1906.

**1.—Tax Suit—Void Judgment and Sale.**

In a suit for delinquent taxes upon a league of land for the years 1887 to 1896 inclusive, brought under the provisions of the Act of 1897 (Sayles' Rev. Stats., arts. 5232a *et seq.*), it appeared from the recitals and documents referred to in the decree of foreclosure in said suit that, in no year during said period, was the entire league delinquent or sold for taxes, but that only a part of said league was delinquent each year, the part so delinquent varying in quantity in the several years from 316 to 3,005 acres; the decree of foreclosure, however, gave judgment for the sum total of the taxes, interest, penalty and costs due for said period, and foreclosed the lien upon the entire league of 4,428 acres. Held, because the court had no authority to foreclose a lien for the delinquent taxes on those portions of the league on which the taxes had been paid, the decree was void.

**2.—Same—Refunding Money.**

When the defendant purchased the land in controversy under a void judgment in a tax suit, and the owner sues in trespass to try title to recover said land, the purchaser is not entitled to have the money paid by him at such sale refunded before the plaintiff can recover.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Baldwin & Christian*, for appellant.—Inasmuch as the judgment rendered in the case of the State of Texas v. the Unknown Owners of the John E. Mayfield League, No. 3484, foreclosed a lien upon the entire John E. Mayfield league; and inasmuch as the order of sale which was issued upon said judgment directed the sheriff to sell 1,896 acres

of said league; and inasmuch as the sheriff levied upon and sold 1,896 acres of said league and executed a deed to the purchaser to 1,896 acres, describing the same by metes and bounds, these proceedings were sufficient to pass to the purchaser, the appellant herein, the 1,896 acres of land so described in said sheriff's deed. Rev. Stats., arts. 5232g, 2362, 1340; Dembitz on Land Titles, vol. 2, p. 1320, sec. 174; Herman v. Likens, 90 Texas, 48; MacManus v. Orkney, 91 Texas, 33; Focke v. Garcia, 41 S. W. Rep., 187; Watson v. McClane, 45 S. W. Rep., 177; Masterson v. State, 17 Texas Civ. App., 91; Rogers v. Bradford, 56 Texas, 636; Mackay v. Martin, 26 Texas, 62; Glascock v. Price, 45 S. W. Rep., 417-18; Morris v. Hastings, 70 Texas, 26; O'Connor v. Youngblood, 16 Ala., 718; Owen v. Baker, 101 Mo., 407; Carolina Savings Bank v. McMahon, 37 S. C., 309; Freeman on Executions, sec. 339.

The trial court erred in his fourth conclusion of law, wherein he concludes as follows: "That William E. Schaffer, having purchased said land at a void tax sale, is not entitled to recover the sum that he bid on said land or any part thereof." Sayles' Statutes, arts. 5232b, c. d. j and n; Halsey v. Jones, 86 Texas, 488; Galveston, H. & S. A. Ry. v. Blakeney, 73 Texas, 181; Howard v. North, 5 Texas, 290; Jones v. Smith, 55 Texas, 387; Burns v. Ledbetter, 54 Texas, 374; Allen v. Pierson, 60 Texas, 607; Smithwick v. Kelly, 79 Texas, 576; Ruddell v. Sparks, 79 Texas, 309; Connellee v. Roberts, 1 Texas Civ. App., 367; Murphy v. Williams, 56 S. W. Rep., 695; House v. Stone, 64 Texas, 683; City of Henrietta v. Eustis, 87 Texas, 19; Ozee v. City of Henrietta, 90 Texas, 334; Burns v. Ledbetter, 56 Texas, 282; Walker v. Lawler, 45 Texas, 538; Mayes v. Blanton, 67 Texas, 245; Stewart v. Kemp, 54 Texas, 252; Murphy v. Williams, 56 S. W. Rep., 696, 697; The State of Texas v. Dashiell, 32 Texas Civ. App., 454; Kenson v. Gage, 79 S. W. Rep., 605; Houssels v. Taylor, 58 S. W. Rep., 191.

*Stevens & Pickett* and *Greer, Minor & Miller,* for appellees.—Only land which has been reported delinquent or has been reported sold to the State is subject to a suit for delinquent taxes, and a judgment in such a cause decreeing taxes to be delinquent against land which has not been so reported delinquent or sold to the State, and on which as a matter of fact the taxes have been paid, and foreclosing a lien against said land, is null and void for want of jurisdiction over the subject matter of the suit. Hollywood v. Wellhausen, 68 S. W. Rep., 330; Cordray v. Neuhaus, 61 S. W. Rep., 416; Templeton v. Ferguson, 89 Texas, 55; Stewart v. Anderson, 70 Texas, 601; Sayles Rev. Stats., art. 5232b.

A tax deed for simply a certain number of acres without any definite description thereof, to be taken out of a larger tract or survey, is void for uncertainty; and so an order of sale, with a like insufficient description of the land ordered to be sold, is void for uncertainty, and insufficient to support a sheriff's deed for a specific number of acres definitely described by metes and bounds. Henderson v. White, 69 Texas, 103; Wooters v. Arledge, 54 Texas, 395; Ammons v. Dwyer, 78 Texas, 640; Morgan v. Smith, 70 Texas, 641; Tram Lumber Company v. Hancock, 70 Texas, 313; Broxson v. McDougal, 70 Texas, 66; Smith v. Crosby,

86 Texas, 15; Cave v. City of Houston, 65 Texas, 619; Norris v. Hunt, 51 Texas, 613; Stout v. Mastin, 139 U. S., 151.

The purchaser of land at a void tax sale, such as a sale under a void judgment for taxes, is not entitled to have the money, so paid by him at such purchase, returned to him by the owner of the land who brings the suit to set aside such void judgment and the sale thereunder. Mumme v. McCloskey, 66 S. W. Rep., 853; Lufkin v. City of Galveston, 73 Texas, 342; Robson v. Osborn, 13 Texas, 298; Pitts v. Booth, 15 Texas, 454; Stewart v. Kemp, 54 Texas, 252; Furche v. Mayer, 29 S. W. Rep., 1099; Crumbley v. Busse, 11 Texas Civ. App., 324.

JAMES, Chief Justice.—Appellees' petition alleged title in themselves to the Mayfield league and ouster by appellant Schaffer, and then proceeded with averments intended in equity to set aside a certain decree of the same court in which the State of Texas, in a suit for delinquent taxes against unknown owners of the Mayfield league, recovered a judgment with foreclosure of tax lien on the entire league, and under which decree an order of sale issued to the sheriff who made a deed to Schaffer for a part of said league.

The trial judge filed conclusions, from which it appears that in rendering judgment for appellees he did so upon several grounds: 1st. That the judgment in the tax suit was void for want of jurisdiction for the reason that the only citation ever issued in said cause was issued prior to the institution of the suit, and was a citation by publication without an affidavit having been made to support same by the county attorney before the citation issued. In this behalf the findings of fact were that the notice or citation for publication issued on November 20, 1901, the petition was filed January 16, 1902, the affidavit was made on January 16, and it appears from the undisputed testimony that the aforesaid notice which bears date of issuance November 20, 1901, was published as the statute requires, beginning the 7th day of February, 1902.

2d. That the judgment was void because the court was without jurisdiction to render the same for the reason that the land, against which the taxes were adjudged delinquent, was not as an entirety subject to a suit and sale for delinquent taxes.

3d. That the deed which the sheriff executed to Schaffer was void for the further reason that the judgment foreclosed the lien on the entire Mayfield league, when the order of sale directed the sale of an undesignated 1,896 acres of said league, and the sheriff's deed conveyed 1,896 in said league designated by metes and bounds.

From the view we take of the second of the aforesaid reasons given for the judgment appealed from, it becomes unnecessary to consider the others; and said reason if well founded, dispenses with the necessity of considering the distinctions between a direct and a collateral attack upon the judgment in the tax suit, for if it appears from the record in that proceeding, then the court exceeded its jurisdiction over the subject matter.

The tax suit was brought under the provisions of the Act of 1897, Sayles' Revised Statutes, article 5232a et seq. It provides, section 2. "All lands or lots which have been returned delinquent, or reported

sold to the State, or to any city or town for taxes due thereon since the first day of January, 1885, or which may hereafter be returned delinquent or reported sold to the State, or to any city or town, shall be subject to the provisions of this Act," etc.

Section 12 of the Act provides: "Real estate which may have been rendered for taxes and paid under erroneous descriptions given in assessment rolls, or lands which may have been doubly assessed and taxes paid on one assessment, or lands which may have been assessed and taxes paid thereon in a county other than the one in which they are located, or lands which may have been sold to the State and upon which taxes have been paid and through error not credited on the assessment rolls, shall not be deemed subject to the provisions of this Act." This section was construed by this court in Hollywood v. Wellhausen, 28 Texas Civ. App., 541, as denying to the District Court the power to foreclose tax liens on lands, which came within its terms, and that a decree of foreclosure on lands so withdrawn from the provisions of the Act would be set aside in a collateral proceeding.

The section 2 above quoted makes the Act apply only to lands which had been or might thereafter be reported delinquent or sold to the State, and conferred no power upon the District Courts, and by necessary implication withheld from them power, to deal with lands not so reported in the foreclosing of tax liens. Section 12 above quoted was intended to create exceptions in respect to lands that had been reported sold or delinquent.

It clearly appears from what is stated in the decree in said tax suit, that for the years for which this league was alleged to be delinquent (1887 to 1896 inclusive) there was not a single year in which all the league was delinquent or reported sold, but the portion so affected in the several years varied from the lowest, 316 acres in three of the years, to 3,005 acres in one year, the highest quantity ever reported sold or delinquent. In only one year was the quantity reported delinquent or sold 3,005 acres, in two of the years it was 1,898 acres, and so on down to 316 acres in some of the years. The decree sets forth that: "The cause coming on to be heard and evidence was introduced as follows: The tax rolls of said county of Liberty, of which exhibit "A" attached and made a part of plaintiff's petition is a true exhibit, was introduced in evidence, and E. W. Sharman, county tax collector of Liberty County, Texas, being called as a witness on oath testified that said taxes as shown by the tax rolls are delinquent upon the record and tax rolls of his office and that there is due the plaintiff the sum of $388.67 as shown by said tax rolls, and the court therefore finds that said defendants are indebted to the plaintiff, the State of Texas, for taxes, interest, penalty and costs for the years 1887 to 1896 the sum of $388.67, being the amount due on the separate parcels of land as hereinafter described, and that plaintiff has a valid and subsisting lien on said land for said taxes and assessments and is entitled to have the same foreclosed in this action." The land foreclosed upon in the decree is one tract, "situated in Liberty County, Texas, and known and designated on the abstract of Texas land titles as abstract number 70 to John E. Mayfield, original grantee, containing 4,428 acres."

The reference in this decree to exhibit "A" attached to the petition

in said cause makes it a part of the decree as much so as if set forth therein. Looking to that exhibit the conditions referred to above are found, viz: That for each year between 1887 and 1896 only a part of the league, and in every year except one a small part, was reported sold or delinquent, and this establishes the fact that in each year there was a considerable part or parts of the league not reported sold or delinquent and therefore not within the provisions of the Act, and not subject to the jurisdiction of the District Court in respect to foreclosure for taxes under the Act. The court, therefore, exceeded its powers in foreclosing the lien on the entire tract.

The decree does not admit of any order of sale being issued thereon which would respect the owner's rights as to those portions of the land not reported sold or delinquent. There was nothing in said exhibit "A" to identify the part or parts reported sold or delinquent for any' of the years, and this difficulty probably accounts for the fact that the court in a sweeping manner subjected the entire survey to a lien. It is our opinion that the trial judge correctly held the decree void, from its own statements and references. This being so, the order of sale and sheriff's deed are without support.

The question arises, Was appellant entitled to have plaintiffs refund him the money he paid on account of the taxes? Most of the cases decided in this State relate to void tax deeds made in summary sales, and it is settled that in such cases no right to reimbursement exists, unless conferred by statute. (McCormick v. Edwards, 69 Texas, 107; Eustis v. City of Henrietta, 90 Texas, 473.) The same rule has been applied in a case in which the sale was made in a judicial proceeding, which was held void by reason of the owner not having been made a party. (Mumme v. McCloskey, 66 S. W. Rep., 853.) In the present case there seems to exist as much, if not more reason for holding the same, the proceedings being void because the court exceeded its power over the subject matter in rendering the judgment, this being a matter of law apparent upon the record of the tax proceeding. (Stewart v. Kemp, 54 Texas, 252.) In addition to this, if due diligence of the purchaser were an admissible inquiry in such a case, there is a conclusion of the trial judge, sustained by the evidence, which recites that appellant made no examination whatever in person or by attorney, of the proceedings in said tax suit. It is needless to consider what appellant's right might have been had it been necessary for plaintiff to ask the equitable aid of the court to avoid the judgment. Here plaintiff was entitled to have it set aside at law upon the face of the proceedings.

*Affirmed.*

Writ of error refused.