GIBBS BROS. & CO. v. STATE.    (No. 1476.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 5, 1927.)

1. Taxation ⟨⟩411—Tax rolls, covering tracts unlisted by owners, where giving neither certificate numbers, survey numbers, valuation, nor identifying delinquent portions of tracts, held insufficient to sustain tax foreclosure (Rev. St. 1925, art. 7205).

Tax rolls for lands not listed by the owners, and placed on the rolls by the tax assessor, *held* not to comply with Rev. St. 1925, art. 7205, and insufficient to sustain foreclosure of tax lien, where not giving certificate numbers or survey numbers of the tracts or the valuation thereof or identifying the portions delinquent for taxes.

2. Taxation ⟨⟩647—Tax foreclosure on tracts held void where only unidentified portions were alleged delinquent.

Where only portions of tracts of land were alleged to be delinquent for taxes, and these portions were not identified, decree foreclosing lien for delinquent taxes on the whole of each tract *held* void.

Appeal from District Court, Montgomery County; J. L. Manry, Judge.

Tax proceeding by the State against Gibbs Bros. & Co. From the judgment, Gibbs Bros. & Co. appeal. Reversed and remanded.

Dean & Humphrey, of Huntsville, for appellants.

J. W. Strode, of Conroe, for the State.

O'QUINN, J. This is an appeal from a judgment in favor of appellee against appellants for delinquent taxes alleged to be due and owing upon three tracts of land for the years 1909 to 1922, both inclusive, and upon one tract for the years 1921, 1922, and 1923. The petition described by metes and bounds the lands upon which the taxes were alleged to be delinquent, the first tract being 1,053.-53 acres, a part of the Joseph G. Ferguson 1,920-acre survey; the second, 1,333.69 acres, a part of the John Foster one-third league; the third, the north half of the Robert-Elgin 640-acre survey; and the fourth, 263.23 acres, a part of the Chas. Weaver 320-acre survey.

Appellants answered by general demurrer, general denial, and many special matters of defense, which we do not deem it necessary to state.

The judgment must be reversed and the cause remanded, because:

[1] (1) The evidence does not support the pleadings nor the judgment. The only evidence offered by appellee consisted of Exhibits A, B, C, and D, attached to the petition, purporting to be true transcripts of the tax rolls and delinquent records pertaining to the lands in question. None of the property had been assessed by the owner, but all of same was by the tax assessor placed on the unrendered rolls, and we think no legal assessment was shown. Article 7205 (7563), Revised Statutes of 1925 (which is exactly in terms the same as when enacted in 1876), provides:

"If the assessor of taxes discovers any real property in his county subject to taxation which has not been listed to him, he shall list and assess such property in the manner following, to wit: 1. The name of the owner; if unknown, say 'unknown.' 2. Abstract number and number of certificate. 3. Number of the survey. 4. Name of the original grantee. 5. Number of acres. 6. The true and full value thereof. 7. The number of lot or lots. 8. The number of the block. 9. The true and full value thereof. (10) The name of the city or town, and give such other description of the lot or lots or parcels of land as may be necessary to better describe the same; and such assessment shall be as valid as if rendered by the owner thereof."

The said exhibits of the tax rolls given in evidence showed the owner to be "unknown," gave the abstract number and the name of the original grantee, but failed to give the certificate number or the survey number in any instance; that is, as to either of the tracts of land, nor was there any other evidence to identify the portion of said tracts alleged to be delinquent, neither did said exhibits show that any valuation had been placed on the property. This was not a sufficient compliance with the above-quoted article of the law as to the assessment of unrendered lands. Article 7205 (7563), Revised Statutes of 1925; Morgan v. Smith, 70 Tex. 637, 8 S. W. 528; State v. Farmer, 94 Tex. 232, 59 S. W. 541.

[2] (2) The judgment fixed and foreclosed a tax lien on the entire acreage alleged to be owned by appellants in each tract, while the allegations of delinquency were for a smaller number of acres in each tract. Said exhibit (A) showed that of the first tract, the Joseph G. Ferguson 1,920-acre tract, of which 1,053.-51 acres were alleged to be owned by appellants, that 465 acres were delinquent from 1885 down to 1903, and that thereafter portions varying from 50 acres in 1904 to 747.5 acres in 1922 were unrendered and delinquent. Said exhibit (B) showed that of the second tract, the John Foster one-third league survey, of which it was alleged appellants owned 1,333.69 acres, that in 1921 1,470 acres

were delinquent, and in 1923, 170 acres were delinquent, while in 1922 none were shown to be delinquent, although the amount of delinquent taxes for that year was shown. Said exhibit (D) showed that of the fourth tract, the Chas. Weaver 320-acre survey, of which it was alleged appellants owned 263-23 acres, that quantities varying from 5 to 95 acres in different years were delinquent. As stated, the judgment in each instance fixed and foreclosed a lien on the entire tract or acreage owned by appellants for the whole amount of the taxes alleged to be due as to that tract, and decreed that same be sold for the taxes. It appears without dispute that for the years for which the lands (the three tracts above mentioned) were alleged to be delinquent, there was not a single year in which all of any one of said tracts was delinquent, but that portions of said tracts so affected varied from a few acres to a larger number. We think the court exceeded its powers in foreclosing the lien on the entire tracts. The decree of the court does not admit of any order of sale being issued thereon which would respect the rights of appellants as to different portions of the several tracts owned by them not reported or shown to be delinquent. There is nothing in the exhibits to identify the part or parts of the tracts reported to be delinquent for any one of the years. Hence the decree of the court was void. Schaffer v Davidson, 44 Tex. Civ. App. 100, 97 S. W. 858 (writ refused); Coleman v. Crowdus (Tex. Civ. App.) 178 S. W. 585 (writ refused).

(3) As to the third tract, the north half of the Robert Elgin 640-acre survey, alleged to be owned by appellants and to contain 321.55 acres, said exhibit (C) showed that 321 acres were delinquent for each and every year for which the taxes were claimed to be delinquent, but, as before stated, the land had not been assessed by the owner and was by the tax assessor placed on the unrendered rolls. Said exhibit, alleged to be a true transcript of said rolls, showed the owner to be unknown, gave the abstract number and the name of the original grantee, but failed to give the certificate number or the survey number, nor did it show that any valuation had been placed on the land, and it showed that for each of the years 321 acres were delinquent, without showing which, that is whether the north or south half, and there was no other proof to identify same. This was not a compliance with article 7205 (7563) above quoted, and was not a legal assessment such as was necessary to support a judicial decree foreclosing a lien on a definite number of designated acres of said 640-acre tract, nor did such proof support the allegations of the petition nor the judgment rendered.

Appellants insist that the tax assessor and the commissioners' court, sitting as a board of equalization, purposely and persistently placed the lands in question upon the tax rolls of the county at a higher valuation than lands of like quality and similarly located, where rendered by the owners for taxes for the same years, which was an unjust and unlawful discrimination against the owners of said lands, and amounts to a denial to the owners of said lands so undertaken to be so assessed and valued of their rights under the Constitution and laws of this state, that taxation shall be equal and uniform.

In the state of the record, appellee having offered no evidence other than the exhibits above discussed, which showed no valuation of the lands, we do not pass upon this question. If upon another trial it appears that the contention of appellants as to such discrimination in the assessment and valuation of the lands by the tax assessor and the commissioners' court is correct, then the assessment would be void. Const. art. 8, § 1; Clegg v. State, 42 Tex. 605, 610; Town of Pleasanton v. Vance (Tex. Com. App.) 277 S. W. 89.

For the errors discussed, the judgment is reversed and the cause remanded for another trial, and if, upon another trial, the evidence is substantially the same as to the matters discussed herein, as here shown, the court should render judgment for appellants.

Reversed and remanded.