No. 2291.

G. W. HENDERSON v. JESSE WHITE ET AL.

1. TAX SALE.—Ordinarily it is requisite to the validity of a tax sale that the property sold shall have been described when listed for taxation by the number of the certificate under which it was surveyed.
2. SAME.—A failure to give the notice required by law of the place where a tax sale will occur, vitiates the sale. A recitation in the tax deed that the tax collector offered the land at public auction at the time, place, and in the manner required by law, is not evidence of either fact.
3. SAME.—A tax deed which conveys all of a tract of land except the half of the same on which taxes were paid by another party, leaving uncertain as to whether taxes had been paid on an interest described by metes and bounds, or on an undivided interest, conveys no title.

APPEAL from Ellis.  Tried below before the Hon. Anson Rainey.

S. C. *McCormick*, for appellant, cited Revised Statutes, articles 4669, 4680, 4681, 4683, 4689, 4710, 4711, 4752, 4756; Texas Constitution, article 8, sections 13 and 15; Revised Statutes, page 718, sections 1 and 2; Cooley on Taxation (fourth edition), pages 205, 206, 207, 214, 215, 216, 282, 283, 284, 285, 286, 324, 325, 326, 327.

*Stemmons & Field*, for appellee, cited Revised Statutes, articles 4711, 4752, 4755, 4756; J. W. House et al. v. H. P. Stone, 64 Texas, 677; Meredith v. Coker, 65 Texas, 29.

WILLIE, CHIEF JUSTICE.  This is an action of trespass to try title, brought for the recovery of eighty acres of land in Ellis county. The appellees were plaintiffs below, and recovered a judgment for the land against the appellant, which judgment is correct, unless the tax deed under which the appellant claimed is valid.

This deed is attacked by the appellees upon the following, among other, grounds: 1. The tax rolls fail to show the number of the certificate by virtue of which the land was located. 2. The notice of sale fails to show when the land would be sold. 3. The deed made by the collector describes the land sold for taxes as being one hundred and sixty acres, patented to Jeremiah Heath, assignee of Benjamin F. Berry, describing it by metes and bounds, and excepting out of said tract eighty acres on which the taxes were paid by H. F. Heath. We think these objections are well taken. It is particularly required by our statutes that in listing the property for taxation the assessor shall give the number of the certificate under which it was surveyed. It is not necessary in this case to determine whether there might not be circumstances which would excuse a failure to state this fact, and uphold a tax sale, though the number of the certificate did not appear upon the assessor's rolls. In this case no reasonable excuse for not stating the number was offered. The assessor looked no where else to find it, except upon the abstract of titles, from which it may have been left out by mistake, when the records of the general land office and of the surveyor's office of Ellis county were accessible to him, and might have furnished him the desired information. It was his duty to exhaust all available sources of knowledge before failing to comply with so plain and important a requirement of law.

It is so well settled that a failure to give notice of the place where a tax sale will occur vitiates the sale, that it will be unnecessary to give time to a consideration of the question. (Burroughs on Tax., 290.) It is true that the tax deed under discussion recites that the collector offered the land at public auction at the time, place, and in the manner required by law. This, however, is the statement of a mere conclusion of law; and, further, it is well settled in this State that the deed is not evidence of the recitals contained in it. (Meredith v. Coker, 65 Texas, 29.)

The tax rolls, if they proved anything, showed an assessment of one hundred and sixty acres of land belonging to an unknown owner. It was proved that one Heath paid the taxes on one half or eighty varas of this land, the amount paid by him being just one-half of the tax assessed against the whole tract. The tax deed purported to convey to the appellant's grantor all of the one hundred and sixty acre tract except the eighty acres upon which Heath had paid the taxes. Taking the assessment and the deed in connection, together with the fact that one-half

of the taxes assessed against the whole tract were paid, and it is impossible to tell what particular portion of the land was sold for the half of the taxes that were unpaid. We can not tell whether Heath owned an undivided interest in the whole tract, or an interest determined and marked out by metes and bounds. Hence we can not tell the condition of the balance of the tract which was sold for the unpaid taxes. In fact, we do not know, except from conjecture or inference, that Heath paid taxes upon a portion of the land owned by himself, and it may have been that the half upon which he did pay, included a portion or the whole that was owned by the appellees.

Such doubts should not exist in the case of a tax sale. If land is sold for the taxes due upon it, there should be no doubt that the land sold and the land assessed are identically the same; and further, it should be made clear that the taxes had not been paid, and neither of these facts should be left to inference or conjecture.

We think the court below correctly held that the deed conveyed no title to the appellant's vendor, and the judgment is affirmed.

*Affirmed.*

Opinion delivered October 11, 1887.