**I. Appeal and error ⬅1082(2) — Supreme Court is without jurisdiction of assignments of error not passed upon by Court of Civil Appeals.**

Where the Court of Civil Appeals in its disposition of the case did not consider assignments of error presented by appellants relating to certain testimony, the Supreme Court is without jurisdiction of such assignments.

**2. Appeal and error ⬅1114—Judgment remanding to district court modified to one remanding to Court of Civil Appeals which failed to pass on certain assignments.**

Where the Supreme Court has reversed judgment of Court of Civil Appeals and remanded the cause of the district court, and it is learned that the Court of Civil Appeals did not pass on certain assignments regarding testimony, the judgment remanding to the district court will be changed to a remand to the Court of Civil Appeals.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

On rehearing. Plaintiffs' and defendant's motions for rehearing overruled. Former judgment (228 S. W. 919) reversing judgment of Court of Civil Appeals (206 S. W. 100) permitted to stand, but the remand to the district court is changed to a remand to the Court of Civil Appeals for consideration of assignments of error on testimony questions.

Shurtleff & Cummings, of Breckenridge, and Chas. L. Black, of Austin, for plaintiffs in error.

Wear & Frazier and J. E. Clarke, all of Hillsboro, for defendant in error.

PHILLIPS, C. J. In approving the report of the Commission of Appeals in this case, and in accord with its recommendation, we originally reversed the judgment of the Court of Civil Appeals and remanded the case to the District Court for further trial.

[1] It has come to our attention that the Court of Civil Appeals in its disposition of the case did not consider certain assignments of error presented by the appellant there relating to the admissibility of certain testimony, but reversed the judgment of the District Court upon another and independent ground.

The Supreme Court is without jurisdiction of the assignments of error relating to this testimony, and the Court of Civil Appeals should not be denied the opportunity of determining them.

[2] Both motions for rehearing, filed respectively by the plaintiffs in error and the defendant in error, will be overruled. Our judgment reversing the judgment of the

Court of Civil Appeals will stand, but instead of the cause being remanded to the District Court, as was done originally, it will be remanded to the Court of Civil Appeals for its consideration of the assignments of error on the testimony questions.

═══

**GARZA et al. v. CITY OF SAN ANTONIO (No. 230–3409.)**

(Commission of Appeals of Texas, Section B June 1, 1921.)

**I. Taxation ⬅620—Delinquent taxes on tract assessed to husband cannot be enforced against part of the tract assessed in name of wife for part of period.**

The taxes for ten years on five acres of land assessed as belonging to defendant's husband cannot be collected by foreclosing a tax lien for all of the taxes on two of the five acres assessed as the property of defendant for only six years.

**2. Taxation ⬅643—To foreclose lien for delinquent taxes must allege and prove nonpayment.**

In suits for taxes and foreclosure of liens therefor, it is essential to allege and prove nonpayment and consequent delinquency.

**3. Taxation ⬅644—Assessment roll not proof of nonpayment of taxes.**

In a suit to collect delinquent taxes, a mere copy of the assessment roll does not prove nonpayment.

**4. Taxation ⬅644—Delinquent tax rolls are prima facie evidence of nonpayment of taxes.**

The delinquent tax rolls required by Statutes, art. 7685 et seq., are prima facie evidence of nonpayment of taxes.

**5. Appeal and error ⬅931(1)—No presumption evidence sufficient to support judgment by court without jury, where agreed statement of facts contains all the evidence.**

In a suit for the collection of delinquent taxes tried by the court without a jury, there is no presumption that there was evidence sufficient to support the judgment, where there is an agreed statement of facts containing all the evidence; presumptions being indulged only in the absence of proof and not against proof.

**6. Taxation ⬅647—Description of land ordered to be sold for taxes held insufficient.**

In a suit to foreclose a lien for delinquent taxes, where the petition, in connection with the assessment roll, described the property as containing five acres, a judgment describing the land as consisting of two acres was not sufficient to identify the property with reasonable certainty; the portion ordered to be sold being left almost wholly to inference and conjecture.

**7. Taxation ⬅615—In suit to recover delinquent taxes all legal requirements must be strictly complied with.**

Where a state or municipality seeks to recover a judgment against a citizen for taxes,

by virtue of which his property may be seized and sold, all legal requirements must be strictly complied with, and the rule applies with the same force to the description of the property in a judgment as to proof of nonpayment.

Appeal from Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by the City of San Antonio against Carolina C. Garza and husband. From a judgment of the Court of Civil Appeals affirming a judgment for plaintiff (214 S. W. 488), defendants appeal. Reversed and remanded.

J. D. Childs, of San Antonio, for appellants.

J. H. Cunningham and R. J. McMillan, both of San Antonio, for appellee.

KITTRELL, J. This suit was brought to recover back taxes for many years on property described as follows:

"One tract of land described as old city lot No. A–6, new city block No. A–6, situated on Trueheart street, situated within the corporate limits of the city of San Antonio, in Bexar county, state of Texas."

It is alleged that said defendant Carolina C. Garza is now, and was for the fiscal years mentioned, the owner of the hereinafter described property, and the description is given as above set forth.

The description on unrendered roll for 1899 is as follows: 1 tract city block A–6 32x140, five acres Trueheart Street, Land 5000, Imp. 3000, total value $8000. That for 1900 (unrendered) is 1 tract city block A–6 E. S. Trueheart Street, five acres, and the same description and same value as that of 1900 is used as the basis of assessment on down to and including 1908, or nine years.

For all the years from 1899 to 1908, both inclusive, ten years, the property is assessed as belonging to Leonardo Garza. In the assessment blank or roll for 1908 are these words: "For 1909 trans, to Carolina Garza."

In 1909 the property was rendered by Leonardo Garza for Carolina C. Garza by the following description: 1 tract city block A–6 E. S. Trueheart Street. Feet front 2 acres, former value land $5000, Imp. $3000. Present value land $2000, Imp. $3000. Total value $5000. On the assessment blank or roll are these words: "In 1908 Tract C. B. A–6 Ass'd to Leonardo Garza, Sr., 12/22."

The assessment for 1910 (unrendered) is in the name of Carolina C. Garza by the following description: 1 tract city block A–6 E. S. Trueheart 2 acres land $3000, Imp. $3050. Total value $6050.

The property was unrendered for 1911. The description was the same. Total value $6000. Carolina C. Garza named as owner.

The assessment in 1912 as to owner, description, and value was the same as for 1911.

For 1913 Carolina C. Garza is named as owner, and the rendition was by Leonardo Garza as 1 tract city block A–6 E. S. Trueheart. Feet front 2 acres, Land $3000. Imp. $3000. Total value $6000.

For 1914 Carolina C. Garza is named as owner, and the property is described as follows:

Lot No. 1, tract A–2 City block A–6 E. S. Ave. D. Feet front 2 acres. Former value land $3000. Imp. $200.

Present value land   $7170   Imp.   I. D.
                  8180  $2040   5
      Total value      10220

The taxes alleged to be due and alleged not to have been paid were for the several years stated as follows: For 1899, $136.00; 1900, $136.00; 1901, $133.60; 1908, $116.40; 1902, $133.60; 1903, $140.00; 1904, $145.70; 1905, $135.60; 1906, $135.40; 1907, $128.40.

It will have been seen from the statement above made that up to and including 1908 the property described on the assessment blank or roll was assessed as belonging to Leonardo Garza, and the quantity was given as five acres. For and including 1909 down to and including 1914 the property was assessed as belonging to Carolina C. Garza, and the quantity was named as two acres. The taxes alleged to be due and unpaid for the respective years after 1908 are in the amounts as follows: For 1909, $71.35; 1910, $87.40; 1911, $92.88; 1912, $98.88; 1913, $92.80; 1914, $148.76.

Judgment was rendered against Carolina C. Garza, joined pro forma by her husband, Leonardo Garza, for the taxes on—

"that certain tract of land fronting on Trueheart street, within the corporate limits of the city of San Antonio, Bexar county, Tex., and situated in city block A–6, consisting of two acres of land."

The amount of taxes named in the judgment is, for each year from 1899 to 1914, both inclusive, exactly the amounts alleged in the petition.

It was further adjudged that the plaintiffs recover of Carolina C. Garza, joined pro forma by her husband, Leonardo Garza, Sr., penalties at the rate of 10 per centum per annum, and interest at the rate of 6 per centum per annum, etc., for the fiscal years 1899 to and inclusive of the fiscal year 1914, in the total amount of $3,195.59.

[1] As has been shown, from 1899 till and including 1908 the property was assessed for taxes as five acres belonging to Leonardo Garza, while from 1909 to and including 1914 it was assessed and taxed as two acres belonging to Carolina C. Garza, plaintiff in error; yet judgment for the entire taxes, penalties, and interest was rendered against plaintiff in error, and her two acres ordered to be sold for the payment of the taxes on the entire five acres, including those which accrued for ten years, before, so far as the

record reveals, she had any interest in any part of the property.

Such rendition of judgment is not, in direct terms, made the basis of complaint in the application; but attention is called to it, to the end that the error may not be again made.

Assuming, for the purpose of argument, that the description is sufficient, and that proof of nonpayment of the taxes had been made, it is clear to our minds that the taxes for ten years on five acres of land belonging to Leonardo Garza cannot be collected by foreclosing a tax lien for all of the taxes on two acres, which, so far as the record reveals, had been assessed as the property of Carolina Garza for only six years.

[2, 3] The first assignment of error in the application is, in substance, that in suits for taxes and foreclosure of liens therefor it is essential to recovery to not only allege but prove the nonpayment and consequent delinquency. The proposition is sound, and the assignment is well taken.

There is not a word of testimony in the statement of facts to the effect that the taxes had not been paid, nor is there any evidence, direct or inferential, that the taxes on the other part of the five acres had been paid.

The statement of facts consists of two parts: First, certified copies of assessments for the several years, as above set forth. Second, certified copies of the various ordinances which were from year to year enacted by the city council, under and by virtue of which the property was assessed for taxation.

Manifestly a mere copy of the assessment roll does not prove nonpayment. The real defendant, Carolina Garza, and the nominal defendant, Leonardo Garza, both filed denial of the allegations of the petition, and thereby the plaintiffs were put to the necessity of proving nonpayment.

In Clegg v. State, 42 Tex. 611, Justice Moore said:

"The bare fact of the assessment of the tax" does not "authorize suit for its collection. This cannot be done until the taxpayer is in default by his failure to pay."

It is fundamental and elementary that, having alleged nonpayment as an essential prerequisite to recovery, the plaintiffs were bound to prove the allegation.

In Henderson v. White, 69 Tex. 104, 5 S. W. 374, Chief Justice Willie said:

"It should be made clear that the taxes had not been paid," and the fact should not "be left to inference or conjecture."

[4] It has been held in this state that when the delinquent tax rolls required by statute (Rev. St. 1911, art. 7685 et seq.) to be made out are offered in evidence, they are prima facie evidence of nonpayment (Rouse v. State, 54 S. W. 32; Watkins v. State, 61 S. W. 532);

but no such delinquent rolls are offered in evidence. Indeed, there is absolutely no evidence except the copies of the assessments and of the ordinances.

[5] Defendants in error in their brief present the contention that it will be presumed there was evidence sufficient to support the judgment when the case is tried before the court without a jury. The proposition is sound when there is no statement of facts, but where there is a statement of facts which (as in the present case) it is agreed contains all the evidence heard, we cannot presume that to be a fact which the record before us shows is not a fact. As is said in Withers v. Patterson, 27 Tex. 496, 86 Am. Dec. 643:

"Presumptions are indulged in the absence of proof and not against proof."

[6] The second assignment of error is to the effect that the description of the property on the assessment rolls in the petition and in the judgment is insufficient to identify the property. The proposition presents a question by no means free from difficulty. The property is described in the petition as:

"One tract of land described as old city block No. A–6, new city block A–6, situated on Trueheart street, situated within the corporate limits of the city of San Antonio, Bexar county, state of Texas."

That description is definite, and the meaning it conveys is that old city block A–6 and new city block A–6 are the same, and that the whole block was meant; and when read in connection with the assessment it meant the block contained five acres.

The description in the judgment is:

"That certain tract of land fronting on Trueheart street, within the corporate limits of the city of San Antonio, Bexar county, Tex., and situated in city block A–6, consisting of two acres of land."

The inquiry inevitably suggested is, "What two acres?" and the record furnishes no answer.

Repeatedly the property is described in the assessment as "city block A–6, east side Trueheart street, five acres," but there is nothing in the statement of facts or in the judgment to show what two acres of the five were foreclosed on and ordered to be sold. There are no means of identification pointed out or furnished by the evidence before us.

In the case of Henderson v. White, 69 Tex. 104, 5 S. W. 374, the land was assessed as 160 acres belonging to unknown owners. One Heath paid half the taxes due. The deed under which appellant claimed purported to convey to his grantor all the 160 acres except what Heath had paid the taxes on.

The Supreme Court says:

"It is impossible to tell what particular portion of the land was sold for the half of the taxes that were unpaid. * * * We do not

know, except from conjecture or inference, that Heath paid taxes upon a portion of the land owned by himself. * * * Such doubts should not exist in the case of a tax sale. If land is sold for the taxes due upon it, there should be no doubt that the land sold and the land assessed are identically the same; and, further, it should be made clear that the taxes had not been paid, and neither of these facts should be left to inference or conjecture."

As has been said, the description in the petition, taken in connection with the assessment up to and including 1908, indicates that city lot No. A–6 contained five acres, while the decree refers to two acres in city block A—6, but what two acres is left wholly to "inference and conjecture."

In the opinion of the Court of Civil Appeals the cases of Slaughter v. City of Dallas, 101 Tex. 315, 107 S. W. 48, and City of San Antonio v. Terrill, 202 S. W. 361, are cited. We have carefully examined both cases; also the case of Hermann v. Likens, 90 Tex. 448, 39 S. W. 282, cited in the Slaughter Case. Both of the cases involved suits for taxes, and the defense was based on invalidity of the assessments for want of sufficient description. The description in both cases was, under the facts, held to be sufficient, and we see no reason to question the correctness of the holding; but in the instant case we are not called upon to pass upon the question of the validity or invalidity of assessments.

The question presented in the record before us is whether the judgment of foreclosure identifies the land foreclosed on as the land described in the petition.

It is necessary, of course, to examine the assessments as they appear in the statement of facts, and when we do so we find that for ten years the property was assessed as five acres, the property of Leonardo Garza, and at the end of that time and for six years later is assessed against plaintiff in error as two acres, but no deed or any parol testimony is offered to show what two acres is meant, and the two acres are not described by lines, or shape or boundaries of contiguous lots or blocks, or in any other way that would enable any purchaser to segregate them from the rest of the five acres. The law applicable to the question is stated in 37 Cyc. p. 1313, as follows:

"The tax judgment * * * in particular must contain such a description of land affected as will suffice to identify it with reasonable certainty, and the description must correspond with that in the petition at least so far as to show that the same tract or parcel of land was intended."

It is obvious that the judgment in the record before us does not meet such requirement, nor are there in this case, as there was in each of the cases referred to above, any, so to speak, assisting facts or data to so guide and direct any person as to enable him to locate the lines and boundaries of the two acres which were part of the five which were assessed as the property of Leonardo Garza.

[7] We are of the opinion that the description in the judgment is wholly insufficient, in that what land is foreclosed on and ordered to be sold is left almost wholly to "inference and conjecture." It is established law that where the state or any municipality resorts to the courts to recover a judgment against a citizen for taxes, by virtue of which the property of the citizen may be seized and sold, all legal requirements must be strictly complied with. Henderson v. White, supra.

As has been held by the Court of Errors and Appeals of New Jersey:

"Statutes derogatory to the rights of property, or that take away the estate of a citizen, are to be construed strictly." Taxpayers' Protective Ass'n v. Kirkpatrick, 40 N. J. Eq. 56, 41 N. J. Eq. 347, 7 Atl. 631.

The rule of law so laid down applies with the same force to the matter of a description in a judgment as it does to the matter of proof of nonpayment of the taxes sued for.

We recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the case be remanded to the district court to be tried in accordance with this opinion.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.