**ROSSON et al. v. ROSSON et al.**

No. 3495.

Court of Civil Appeals of Texas. El Paso.
March 25, 1937.

Rehearing Denied April 15, 1937.

Geppert, Geppert & Victery, of Teague, and Conley K. Stevens, of Dallas, for appellants.

T. L. Foster, J. W. Timmins, and M. A. Row, all of Dallas, and Jones & Jones, of Mineola, for appellees.

WALTHALL, Justice.

J. W. Rosson and others, as plaintiffs, brought this suit in trespass to try title against Carl Rosson and others, as defendants, in which they allege that they are the owners in fee simple of an undivided 119/810 interest in and to the lands described in the petition, and situated in Anderson county, Tex. The land described is stated as "being the whole of the Wm. T. Davis Survey, Abstract No. 254, and being the same land described in Patent from the State of Texas to John T. Rosson, which patent is recorded in Vol. D, page 648, of the Deed Records of Anderson County, Texas, to which reference is hereby made for complete description, and which survey contains 110 acres, more or less."

The petition states the interest owned in severalty by each group of the plaintiffs. Plaintiffs pray for judgment for title and possession of their respective interests in said lands and for relief general and special.

Defendants answer by general denial, not guilty, and specially plead the statutes of limitation of three, five, ten, and twenty-five years (Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519). Defendants further plead that they and those under whom they claim and deraign title have, claiming the same under deeds duly registered, had peaceable, continuous, and adverse possession of the lands and tenements claimed in plaintiffs' petition, cultivating, using, and enjoying the same, and paying all taxes as same became due for a period of more than five years after plaintiffs' cause of action accrued, and before the commencement of this suit.

Pearl Gibbs filed a plea in intervention claiming to own an undivided interest in the land, and in her plea adopts the statements in the petition filed by plaintiffs John C. Rosson et al. Other defendants filed answers, but as they and their interests were disposed of by disclaimers and otherwise, we need not further refer to them.

The case was tried to a jury and submitted upon special issues. After defining

certain terms used in the charge, the court charged the jury:

"Special Issue No. One:

"Do you find and believe, from a preponderance of the evidence, that the defendant, Carl Rosson, and those claiming under him, either in person or through a tenant or tenants, or partly in person and partly through tenants, held peaceable and adverse possession of the land in controversy, and sued for herein, cultivating, using or enjoying the same, and paying all taxes thereon and claiming the same under deed or deeds duly registered, for any period of five consecutive years subsequent to December 30, 1906, and prior to October 12, 1935? Answer 'Yes' or 'No.'"

To which the jury answered: "Yes."

At the timely request of defendants, the court gave the following additional charge:

"If you have answered Special Issue No. One in the negative, you need not answer this issue; but if you have answered Special Issue No. One in the affirmative, then answer:

" 'Was such adverse possession and claim of Carl Rosson, if any you have found in answer to Special Issue No. One of the court's main charge, so open, notorious and unequivocal as would put a person of ordinary care and prudence in the same situation as the plaintiffs and intervenor, and under the facts and circumstances in this case, upon notice that Carl Rosson was claiming and asserting title to all of the land in controversy as his own? Answer "Yes" or "No." '"

To which the jury answered: "Yes."

Upon the findings of the jury, and upon motion of defendants, the court rendered judgment for the defendants. The judgment is lengthy, and as no objection is found as to the form of the judgment we omit it in detail. All of the parties having filed a written agreement that all questions of accounting for oil produced from the land, and all questions relating to the claim of the Sun Oil Company for the cost of drilling wells on the land in controversy and the equipment and operating same and of producing oil therefrom, as pleaded by that defendant in the alternative, should be severed from the case and given a separate number on the docket of the court to be submitted to the court after the questions of title had been determined, the court omitted such questions in the judgment.

Plaintiffs and intervener prosecute this appeal.

### Opinion.

Appellants filed assignments of error, and based thereon submit a number of propositions.

The land sued for is described in appellants' petition as "being the whole of the Wm. T. Davis Survey, Abstract No. 254, and being the same land described in patent from the State of Texas to John C. Rosson, which patent is recorded in Vol. D, page 648 of the records of Anderson County, Texas, to which reference is here made for complete description, and which survey contains 110 acres of land, more or less."

Appellees introduced a tax deed in evidence executed by the tax collector of Anderson county in 1884 and recorded in 1906. The deed is to B. F. Rosson, his heirs and assigns.

The land in the tax deed as stated above is described as follows: "One hundred and ten acres of the Wm. T. Davis original grantee, Abstract No. 254, situated in Anderson County, Texas."

The patent was recorded in 1853. The patent is No. 554, Patent Volume 6. The patent makes no reference to the abstract number. It sufficiently described the land by metes and bounds.

Appellants and appellees each introduced in evidence the patent to the land. In offering the patent counsel for appellants said: "At this time plaintiffs introduce in evidence, or offer in evidence, patent from the State of Texas to John Rosson, as assignee of W. T. Davis, which patent is dated April 25, 1853, covering the tract of land in controversy, and which patent is of record in Vol. D, page 648, of the Deed Records of Anderson County, Texas."

The patent recites: "Do by these presents grant to John Rosson, assignee of W. I. Davis, his heirs or assigns forever, one hundred and ten acres of land situated and described as follows: In Anderson County." Then follow by calls and distance the land granted.

Hon. Geo. H. Sheppard, comptroller of public accounts, certifies that he had examined the delinquent tax records of An-

derson county, as submitted by the tax collector and filed with the comptroller's office with reference to all lands shown as delinquent "out of the Wm. T. Davis Survey, Abstract No. 254, consisting of 110 acres, situated in said Anderson County, Texas, for the years 1885 to 1933, both years inclusive, and I do not find any land shown as delinquent in the Wm. T. Davis Survey, Abstract No. 254," for the years stated.

. The only difference we ·see in the description of the land is that the patent refers to W. I. Davis as the assignor of John Rosson instead of W. T. Davis. But the record leaves no doubt that John Rosson was the grantee in the patent of the land. The land sued for by appellants as indicated in their petition is the 110 acres granted to "John Rosson as the assignee of W. T. Davis." Appellants submit that the tax deed under which appellees claim does not describe the land in question, and is therefore not a deed duly registered under the five-year limitation statute (Vernon's Ann.Civ.St. art. 5509).

■ The rule is stated to be that, if the description in the deed (here a tax deed) is sufficient to make a valid deed, and the deed is recorded, it is sufficient to give notice of claim under limitation. Hays v. Hinkle (Tex.Civ.App.) 193 S.W. 153 (writ refused). In Brownfield v. Brabson (Tex.Civ.App.) 231 S.W. 491, 494, on subsequent appeal, (Tex.Civ.App.) 259 S.W. 251, and referred to in 2 Tex. Jur. p. 266, the law is stated to be that a deed, to support a plea of limitation, must contain sufficient description as that it will appear from its terms, or reference to other instruments of record in the chain of title, that it conveys the very land in controversy so that its ‘registration will put the adverse party on notice that the land is being claimed. The tax deed describes the original grantee as appellants describe him in their pleading, and as described in the patent, and we have not found in the record that appellants contend that the land in possession of Carl Rosson is other than the land for which they have sued. It seems to us that the abstract number in the tax deed and in the tax receipts can refer to no other land than that for which appellants sue. In Flanagan v. Boggess, 46 Tex. 330, 335, where the land in the deed was described as "six hundred and twenty acres

of the headright of David Brown, situate about twelve miles north of Henderson, in the neighborhood of Bellview," and giving no beginning point or calls for course and distance, the Supreme Court held that the land was described with sufficient certainty to satisfy the statute.

■ We have concluded that the deed in the instant case, tested by its own recitals, sufficiently describes the land in controversy to give notice to the record owner that appellants in possession are claiming under the deed.

■ The deed does not show on its face such description of the property as is required of the assessor in assessing property not rendered for taxes under article 7205, Rev.Civ.Statutes, and for lack of the statement of such on the face of the tax deed, appellants submit that the deed is void. We do not concur in this proposition. We do not think the cases of Henderson v. White, 69 Tex. 103, 5 S.W. 374, McCormick v. Edwards, 69 Tex. 106, 6 S.W. 32, and similar cases referred to by appellants, have application to the facts of this case. The cases show that the suits were brought by the record owners of the land to set aside the tax deeds, and in which there is no issue of limitation involved.

In Griswold v. Comer, 161 S.W. 423, 427, the Galveston Court of Civil Appeals said: "It is not necessary, to enable appellee to prescribe under the tax deed, that she should show that all of the prerequisites of the law had been complied with in making the sale. In such case she would not need to have resorted to the statute of limitation. The deed was sufficient to afford a basis for a claim under the statute as a registered deed. Schleicher v. Gatlin, 85 Tex. [270], 273, 20 S.W. 120."

The case was reformed on writ of error, but not, as we understand it, in the matter embraced in the above quotation. In Hunton v. Nichols, 55 Tex. 217, 230, it said: "The fact that his deed (a defendant who invokes the five years statute of limitations), or that of any of his vendors under whom he claims, does not convey a good title to the land, does not prevent it from being such deed as he may avail himself of with the other incidents which the law prescribes as a defense under the five years' limitation. See Wof-

ford v. McKinna, 23 Tex. 36 [76 Am.Dec. 53]; Flanagan v. Boggess, 46 Tex. [330], 331; Whitehead v. Foley, 28 Tex. 268; Charle v. Saffold, 13 Tex. 94." In Davis v. Howe, 213 S.W. 609, 610, in a suit for the recovery of land sold for taxes, the defense being possession with claim of ownership under a registered tax deed under the five and ten years statutes of limitation (Vernon's Ann.Civ.St. arts. 5509, 5510), the Commission of Appeals said: "It is wholly immaterial that the deed conveys no title," "that the deed is in fact void is immaterial," and holding as in Roseborough v. Cook, 108 Tex. 364, 194 S.W. 131, that the office of a deed under the five-year statute is simply to aid the possession as a means of notice of the adverse claim to the land. That a deed under the law governing five years' limitation has a character distinct from that of an effectual muniment of title. That for the purpose of such limitation it performs an office unrelated to title, and although as a conveyance of title it may be futile, that office is simply to aid the possession as a means of notice to the adverse claimant to the land.

Appellants' proposition that a cotenant, who acquires a tax title to the common property, cannot assert such title against his cotenant, except for contribution for expenditures, is without merit so far as having application to a cotenant in adverse possession claiming under a tax deed against a cotenant out of possession as seems to be the fact here. Article 5509, R.C.S.1925, the five-year limitation statute, does not expressly exclude a cotenant from its operation. It applies to "every suit to recover real estate," etc., and the only exception relates to forged deeds. Jung v. Petermann (Tex.Civ.App.) 194 S.W. 202; Terry v. Terry (Tex.Civ. App.) 228 S.W. 299, and cases cited; Moore v. Knight (Tex.Com.App.) 94 S.W. (2d) 1137, where it was said that the notice to the cotenant of adverse possession may be constructive.

We have not discussed all of the propositions submitted. Some we think are embraced in those discussed, and in some objections to evidence heard were not timely made. We have considered them all, and they are overruled.

We have found no reversible error, and the case is affirmed.

Affirmed.